# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., )<br>)<br>            *Plaintiff*, )<br>    v. )<br>)<br>VARIAN MEDICAL SYSTEMS, INC., AND )<br>VARIAN MEDICAL SYSTEMS )<br>INTERNATIONAL AG, )<br>)<br>            *Defendants*. ) | Civil Action No.: 18-1599-MN |

## STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
## REGARDING SOURCE CODE

    WHEREAS, the Parties have entered into a Protective Order (D.I. 31) ("Protective Order"), which provides for the production and inspection of Source Code in the above-captioned action (the "Action");

    WHEREAS, the parties have discussed and agreed on the following additional provisions regarding the inspection of Source Code in this Action;

    WHEREAS, the parties agree that the provisions in this Supplemental Protective Order shall replace the provisions of the District of Delaware's Default Standard for Access to Source Code ("Default Standard"), which shall not otherwise apply to this Action;

    SUBJECT TO THE COURT'S APPROVAL, IT IS HEREBY STIPULATED AND AGREED, by and among the parties, through their undersigned counsel, as follows:

    1. The definitions from the Protective Order (D.I. 31) are incorporated by reference. In particular, **"Source Code"** means "Source Code" as defined in paragraph 2.3 of the Protective Order.

    2. An electronic copy of the Source Code shall be made available for inspection on at least one stand-alone computer (i.e. a computer not linked to or accessible from any network).

    3. The stand-alone computer shall be password protected and supplied by the Producing Party.

4.  The stand-alone computer shall be located at the offices of the Producing Party's Delaware outside counsel of record in this action, or at a location mutually agreed upon by the receiving and producing Parties.

5.  Access at any given time to the stand-alone computer shall be permitted to two (2) outside counsel representing the requesting party and two (2) experts retained by the requesting party, who satisfy the requirements set forth in the Protective Order for disclosure of Source Code ("Reviewer"), after notice to the Producing Party and its opportunity to object as provided in the Protective Order.

6.  Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, including but not limited to cell phones / smart phones, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited while accessing the stand-alone computer containing the Source Code.  A reviewer may use laptop or notebook computers in the source code room for the sole purpose of taking and/or reviewing notes.  Such computers shall not be connected to the Internet or any other network while in the source code room, and any camera or recording capability and all input/output connections shall disabled when in use in the source code room.

7.  A Receiving Party wishing to inspect Source Code shall provide notice to the Producing Party at least two (2) business days in advance of the proposed inspection.  The notice shall include proposed date(s) and time(s) for inspection and the name(s) of the individual(s) conducting the inspection.  Any inspection requested should generally be for normal business hours.

8.  The Receiving Party may request copies of portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request copies for the purposes of reviewing the Source Code. In no event may the Receiving Party print more than an aggregate total of more than 1,000 pages of Source Code during the duration of the case without the consent of the Producing Party, which consent shall not be unreasonably withheld, or, if not agreed to by the Producing Party, the Court's approval.  The Producing Party shall provide copies of the selected Source Code portions with bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE– OUTSIDE ATTORNEYS' EYES ONLY."  The Producing Party may challenge the amount of Source Code requested in copy form pursuant to the dispute resolution procedure and timeframes set forth herein whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

9.  The Receiving Party's outside counsel and any person qualified to receive the Source Code under the Protective Order shall maintain and store any copies of the Source Code in a secure locked area or in a manner that prevents unauthorized access to the Source Code.  Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions,

expert reports, or court filings.  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.

10. The Producing Party may maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  Further, any such monitoring shall not include the use of any optical, audio or key stroke devices that receive, transmit, and/or store information.

11. The Producing party shall provide and include on the stand-alone computer software utilities which allow counsel and experts to view, search, and analyze the Source Code.  At a minimum, these utilities should provide the ability to (a) view, search, and line-number any source file and (b) search for a given pattern of text through a number of files.  Alternatively, the Receiving Party's outside counsel and/or experts may request that commercially available licensed software tools for view and searching source code be installed on the secured computer, and must provide the Producing Party with the such software tool(s) at least five business days in advance of the inspection.

12. To the extent that the provisions of this Supplemental Protective Order Regarding Source Code and the Protective Order conflict, this Supplemental Protective Order shall control on the matter of source code.

[*Remainder of page intentionally left blank*]

| BUCHANAN INGERSOLL & ROONEY PC | SHAW KELLER LLP |
|---|---|
| */s/ Geoffrey G. Grivner* | */s/ David M. Fry* |
| Geoffrey G. Grivner (#4711)<br>919 North Market Street, Suite 990<br>Wilmington, Delaware 19801<br>Telephone: (302) 552-4207<br>Email: geoffrey.grivner@bipc.com | John W. Shaw(#3362)<br>David M. Fry  (# 5486)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 298-0700<br>Email: jshaw@shawkeller.com<br>         dfry@shawkeller.com |
| Philip L. Hirschhorn (admitted *pro hac vice*)<br>Jennifer Liu (admitted *pro hac vice*)<br>BUCHANAN INGERSOLL & ROONEY PC<br>640 Fifth Avenue, 9th Floor<br>New York, NY 10019-6102<br>Tel: (212) 440-4470<br>Fax: (212) 440-4401<br>Email: philip.hirschhorn@bipc.com<br>         jennifer.liu@bipc.com | *Attorneys for Defendants* |
| Erin M. Dunston (admitted *pro hac vice*)<br>Kimberly E. Coghill (admitted *pro hac vice*)<br>Anand Mohan (admitted *pro hac vice*)<br>BUCHANAN INGERSOLL & ROONEY PC<br>1737 King Street, Suite 500<br>Alexandria, VA 22314-2727<br>Tel: (703) 838-6514<br>Fax: (703) 836-2021<br>Email: erin.dunston@bipc.com<br>         kimberly.coghill@bipc.com<br>         anand.mohan@bipc.com | |

*Attorneys for Plaintiff*

Dated:  August 13, 2019

       IT IS SO ORDERED this _____ day of August, 2019.

                                                  The Honorable Maryellen Noreika