# Exhibit B

ORAL ORDER: The Court, having considered the parties' letter submission setting out their respective proposals regarding case narrowing, (D.I. 28 ), as well as the parties' related arguments during the October 23, 2017 Case Management Conference, HEREBY ORDERS that the case shall be narrowed as set out in the Scheduling Order, in light of the following core principles: (1) This is the second related case between the parties, and in total the two cases have involved 13 asserted patents. For that and other reasons, these cases have already required a significant investment of Court and party resources. Thus, it is especially important in setting a case schedule in the second matter to be vigilant about maximizing efficiency in the cases. (2) The Court, having the experience of adjudicating matters in the first case, recognizes that having a more aggressive cut down regarding asserted claims and Section 102/103 invalidity arguments (as compared to that ordered in the first case) is warranted. This should better enable the parties to focus on key infringement and invalidity positions in the second case. The parties may, of course, seek to modify these limits in the future upon a showing of good cause. See In re Katz Interactive Call Processing Litig., 639 F.3d 1303, 1312 (Fed. Cir. 2011). (3) Here, by the time of the Case Management Conference, Plaintiffs have already independently narrowed their infringement allegations to 42 claims from a total of 86 possible claims contained in the seven patents. While some further narrowing will be required, the Court recognizes those efforts; thus the Court's Order does not narrow the number of asserted claims quite as aggressively as Defendant seeks. (4) In setting limits on Defendant's invalidity case, the Court has attempted to incorporate some of the framework/terminology for narrowing an invalidity case set out in Greatbatch Ltd. v. AVX Corp., C.A. No. 13-723-LPS, D.I. 368 at 2, (D. Del. July 28, 2015). In light of the above, in the Scheduling Order, the Court has ordered the following limitations regarding asserted claims and prior art arguments: (1) By the deadline for Plaintiffs' Initial Infringement Contentions, Plaintiffs shall narrow the number of asserted claims to 30. (2) By the deadline for Defendant's Initial Invalidity Contentions and related prior art references, Defendant shall narrow its Section 102/103 invalidity case to no more than 120 "prior art arguments," as defined below. (3) By the deadline for Plaintiffs' Final Infringement Contentions, Plaintiffs shall further narrow the number of asserted claims to 16. (4) By the deadline for Defendant's Final Invalidity Contentions, Defendant shall further narrow its Section 102/103 invalidity case to no more than 48 prior art arguments. A "prior art argument" shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., "single-reference obviousness"); or (3) a combination of references renders a claim obvious. Thus, for example, if Defendant relies on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments. If Defendant also relies on prior art references A + B for obviousness and A + B + C for obviousness as to claim 1 of the patent, that will count as two more, separate, prior art arguments. Additionally, prior art arguments shall be counted on a per claim basis, meaning that if Defendant asserts that prior art reference A anticipates claim 1 of a patent, and that prior art reference A also anticipates claim 2 of that patent, that will count as two prior art arguments. Further, a "prior art argument" shall consist of those reference(s) that Defendant utilizes to show the existence of claim limitation(s) in the prior art.. Ordered by Judge Christopher J. Burke on 10/30/2017. (mlc) (Entered: 10/30/2017)
As of October 31, 2017, PACER did not contain a publicly available document

associated with this docket entry. The text of the docket entry is shown above.

*Confluent Surgical, Inc. et al v. HyperBranch Medical Technology, Inc.*
1-17-cv-00688 (DED), 10/30/2017, docket entry