# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MMODAL LLC, MMODAL IP LLC, LP ) <br> PARENT, INC. and LEGEND PARENT, ) <br> INC., ) <br> ) <br> Defendants. ) | Civil Action No. 17-1484-JFB-SRF |

## ORDER

At Wilmington this **3rd** day of **August, 2018**, the court having considered the parties' letter submissions regarding their competing proposals to narrow the scope of the litigation (D.I. 79; D.I. 80), IT IS HEREBY ORDERED THAT the court shall adopt a two-phase procedure for the reduction in the number of asserted claims and invalidity arguments,[1] largely as plaintiff has proposed, with certain modifications, as follows:

---

[1] *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011).

| Date | Case Event or Deadline | Limitation |
|---|---|---|
| Aug. 13, 2018 | Plaintiff initial claim narrowing | No more than 23 claims[2] |
| Aug. 31, 2018 | Defendant initial prior art narrowing | No more than 45 prior art references[3] <br> No more than 125 prior art arguments[4] |
| May 1, 2019 | Plaintiff's Final Infringement Contentions | No more than 18 claims |
| June 3, 2019 | Defendants' Final Invalidity Contentions | No more than 20 prior art references <br> No more than 60 prior art arguments |

The court adopts the foregoing schedule for case narrowing based on the following analysis:

1. In this case, Nuance asserts six patents that it contends cover varying aspects of MModal's computer assisted physical and clinical documentation improvement applications and, additionally, transcription editing programs and services. (D.I. 79) Nuance previously identified twenty-eight (28) asserted claims on March 13, 2018. (D.I. 50)

---

[2] There is no per patent limit on the number of asserted claims, as long as the asserted claims are chosen from the patents currently asserted against defendants.

[3] Limitations on prior art combinations do not extend to prior art references used to illustrate the state of the art, the knowledge possessed by a person of ordinary skill, to address alleged secondary considerations, or for other context surrounding obviousness that is commonly introduced in a patent trial.

[4] A "prior art argument" shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., "single reference obviousness"); or (3) a combination of references renders a claim obvious. Thus, for example, if defendants rely on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments. If defendants also rely on prior art references A + B for obviousness and A + B + C for obviousness as to claim 1 of the patent, that will count as two more, separate, prior art arguments. Additionally, prior art arguments shall be counted on a per claim basis, meaning that if defendants assert that prior art reference A anticipates claim 1 of a patent, and that prior art reference A also anticipates claim 2 of that patent, that will count as two prior art arguments. Further, a "prior art argument" shall consist of those reference(s) that defendants utilize to show the existence of claim limitation(s) in the prior art.

2

2. MModal acknowledges that as of the time it served its initial invalidity contentions on July 16, 2018, it charted approximately seventy-five (75) prior art references. However, it proposes to defer case narrowing to coincide with the pretrial exchanges required under Local Rule 16.3(d)(1)-(3). (D.I. 80 at 2)[5]

3. At the scheduling conference on February 6, 2018, the court indicated that narrowing the asserted claims and prior art references was necessary for reasonable and efficient case management. (2/6/18 Tr. at 16:7-25) The court directed the parties to submit their respective proposals on or before July 23, 2018. (*Id.* at 17:1-5)

4. The foregoing schedule promotes case management efficiencies in two phases. The two phase approach is consistent with the case narrowing procedures of judicial officers of this court in recent cases. (C.A. No. 16-333-JFB-SRF, D.I. 287; C.A. No. 17-871-LPS, D.I. 68; C.A. No. 13-723-LPS, D.I. 368)

5. The court believes this narrowing is proper in light of the complexity of the subject matter at issue in the asserted patents, the number of patents asserted in this case, and consideration of the number of claims that could remain asserted prior to summary judgment briefing. (C.A. No. 13-723-LPS, D.I. 368 at 2)

6. Notwithstanding the foregoing two-phase schedule, there may be further case scope narrowing required prior to trial. However, the narrowing that will take place in accordance with the schedule set by the court will give the parties an opportunity to address further narrowing on their own, without court intervention. (C.A. No. 17-871-LPS, D.I. 68 at 3)

---

[5] Pursuant to the scheduling order (D.I. 32 at ¶ 12) and D. Del. LR 16.3(d)(1)-(3), plaintiff shall provide a draft pretrial order to defendants on or before January 10, 2020, and defendants shall provide plaintiff with their response to plaintiff's draft order on or before January 28, 2020. The proposed pretrial order is due on February 11, 2020.

3

7. The parties may seek to modify the aforestated limitations, in the future, upon a showing of good cause. *See In re Katz*, 639 F.3d at 1312-13.

Sherry R. Fallon
United States Magistrate Judge

4