# Exhibit I

ORAL ORDER: Having reviewed the parties' letters and materials relating to various disputes (see D.I. 189, 190, 192, 193), and having considered the parties' competing arguments, including about relevance, burden, proportionality, and privilege, IT IS HEREBY ORDERED that: (1) Plaintiff shall, no later than August 20, reduce the number of asserted claims to no more than twelve (12); (2) Defendants shall, no later than August 31, reduce the prior art references on which they are relying to invalidate Plaintiff's claims - should the parties not agree on reduced number and how to count them, they should submit a joint letter, not to exceed three (3) pages combined, by August 17, with their proposals; (3) Plaintiff shall, no later than August 20, produce to Defendants the requested product samples; (4) Plaintiff shall, no later than August 31, produce to Defendants the requested documents from the Actavis action; (5) Defendants' request for an order compelling production of drafts of Dr. Guy's Declaration is DENIED, as it appears Plaintiff has met its burden to show that such drafts are protected by attorney-client privilege and/or the work product doctrine; (6) Defendants' request that Plaintiff amend its ESI disclosures and designate a witness to testify about circumstances surrounding alleged loss or destruction of ESI is GRANTED, but Defendants' request that the Court order Plaintiff to collect or produce any further ESI is DENIED without prejudice to renew after the deposition the Court is allowing; (7) Plaintiff's request that Defendants supplement their document production is GRANTED, but to the extent Defendants decide to withhold documents based on a common interest/joint defense privilege they may do so as long as they provide a log of such documents; (8) Plaintiffs' request for an additional three hours of deposition with two witnesses is GRANTED, but the request to shift any costs associated with these depositions is DENIED; (9) Plaintiff's request for discovery relating to Defendants' manufacturing plans and other issues relating solely to a permanent injunction is DENIED; and (10) Defendant Alvogen shall produce a witness to provide binding, corporate testimony on knowledge of flux studies and calculation of flux. IT IS FURTHER ORDERED that the teleconference scheduled for tomorrow, August 14, is CANCELLED. ORDERED by Judge Leonard P. Stark on 8/13/18. (ntl) (Entered: 08/13/2018)

As of August 14, 2018, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Noven Pharmaceuticals, Inc. v. Alvogen Pine Brook LLC et al*
1-17-cv-01429 (DED), 8/13/2018, docket entry 198