# Exhibit K

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>VARIAN MEDICAL SYSTEMS, INC., AND )<br>VARIAN MEDICAL SYSTEMS )<br>INTERNATIONAL AG, )<br>)<br>*Defendants*. ) | Civil Action No.: 1:18-cv-01599-MN<br><br>JURY TRIAL DEMANDED |

**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff Best Medical International, Inc. ("Best" or "Plaintiff") by and through their attorneys, hereby responds to Defendants Varian Medical Systems, Inc. and Varian Medical Systems International AG (collectively, "Varian" or "Defendants") First Set of Interrogatories ("First Interrogatories") in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

Best's responses to Varian's definitions, instructions, and First Interrogatories are based upon reasonable and diligent inquiry and upon knowledge or information known or readily available to Best as of the date of this response. Best reserves the right to continue discovery and investigation into this matter and to present at trial or otherwise, in accordance with the Federal Rules of Civil Procedure, additional information discovered after the date of this response. The responses herein shall not be deemed an admission of the relevance, materiality, or admissibility of any such related information.

success, failure of others, copying, praise, unexpected results, and skepticism), then for each such secondary consideration and each such Asserted Claim, state in detail all factual and legal bases supporting or contradicting BMI's contention, identify all persons with knowledge of such secondary considerations, and identify all documents tending to support or contradict such contention.

**RESPONSE TO INTERROGATORY NO. 4: (CONTAINS CONFIDENTIAL INFORMATION)**

███████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

████████████████████

**INTERROGATORY NO. 5:**

For each product that BMI contends is a Practicing Product, whether made and sold by BMI or by a third-party entity, provide:

- the name of the product;

- the dates of manufacture (or release dates) of each version of the product;

- the date of first sale for each version of the product;

- the first offer for sale of each version of the product;

- the production numbers of documents reflecting said offers for sale and sales; and

- the identity (by production number) of documents sufficient to describe and illustrate each different version of the product and its sales.

11

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to its general objections, Best will produce documents pursuant to Rule 33(d) of the FEDERAL RULES OF CIVIL PROCEDURE to further respond to this interrogatory.

Subject to and without waiving the general objections, including the objections to the definition of Practicing Product and BMI, Best responds as follows: Corvus® and tools within ActiveRx™ embody inventions of the patents-in-suit. For example, Corvus 5.0M became available for purchase and sale on or after August 21, 2003; Corvus 9 became available for purchase and sale on or after January 7, 2010; and Corvus 2011 became available for purchase and sale on or after November 25, 2015. ActiveRx™ is a set of tools for use with the CORVUS treatment planning system and became commercially available in the Fall of 2004.

**INTERROGATORY NO. 6:**

For each Practicing Product identified in response to Interrogatory No. 6, provide

• a description of how the features, operations, elements, or functions of the Practicing Product correspond to each Asserted Claim;

• an identification, by Bates number, of documents sufficient to show that the limitation is practiced;

• a statement whether the claim is literally present or present under the doctrine of equivalents; and

• for any limitation that BMI contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the product that performs the claimed function.

| | |
|---|---|
| Dated: July 19, 2019 | */s/ Geoffrey G. Grivner* |
| | Geoffrey G. Grivner (DE Bar No. 4711) |
| | BUCHANAN INGERSOLL & ROONEY PC |
| | 919 North Market Street, Suite 990 |
| | Wilmington, Delaware 19801 |
| | Tel: (302) 552-4207 |
| | Fax: (302) 552-4200 |
| | geoffrey.grivner@bipc.com |
| | |
| | Philip L. Hirschhorn (admitted *pro hac*) |
| | Jennifer Liu (admitted *pro hac*) |
| | BUCHANAN INGERSOLL & ROONEY PC |
| | 640 Fifth Avenue, 9th Floor |
| | New York, New York 10019-6102 |
| | Tel: (212) 440-4470 |
| | Fax: (212) 440-4401 |
| | philip.hirschhorn@bipc.com |
| | jennifer.liu@bipc.com |
| | |
| | Erin M. Dunston (admitted *pro hac*) |
| | Kimberly E. Coghill (admitted *pro hac*) |
| | Anand Mohan (admitted *pro hac*) |
| | BUCHANAN INGERSOLL & ROONEY PC |
| | 1737 King Street, Suite 500 |
| | Alexandria, Virginia 22314-2727 |
| | Tel: (703) 838-6514 |
| | Fax: (703) 836-2021 |
| | erin.dunston@bipc.com |
| | kimberly.coghill@bipc.com |
| | anand.mohan@bipc.com |
| | |
| | *Attorneys for Plaintiff* |
| | *Best Medical International, Inc.* |