# Buchanan Ingersoll & Rooney PC

**Geoffrey G. Grivner**
302 552 4207

geoffrey.grivner@bipc.com

919 North Market Street, Suite 990
Wilmington, DE 19801-3036

T 302 552 4200
F 302 552 4295

September 26, 2019

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 North King Street, Unit 19, Room 4324
Wilmington, Delaware 19801

Re: *Best Medical International, Inc. v. Varian Medical Systems, Inc., et al.*, **18-cv-1599-MN**

Dear Judge Noreika:

Best hereby submits this letter in response to Varian's letter dated September 25, 2019, and in advance of the teleconference scheduled with the Court on October 2, 2019, at 12:30 PM.

**Claim Narrowing**

The dispute about which Varian requested the October 2, 2019, call was not a ripe dispute when Varian made its request and Best respectfully submits that it remains that way.

Background – Best's Initial Infringement Charts Due on August 30, 2019

On October 16, 2018, Best filed its Complaint for patent infringement against Varian. Best asserted four patents.[1] On January 28, 2019, Varian filed a Motion to Dismiss (D.I. 10), which was granted-in-part and denied-in-part on August 12, 2019. By the Scheduling Order (D.I. 27), Best's initial infringement claim charts were due by August 19, 2019. As a condition to granting Best an extension to August 30, 2019, Varian required that Best disclose its asserted claims by August 19, 2019. While cautioning that the list may change, Best identified 80 claims of 134 possible claims: Claims 6, 7, 9, 10, 12, 16, 17, 20-32, 34, 42, and 46 from the '283 Patent (which has 47 total claims); Claims 14, 17, 18, 21-24, 31-33, 36, 40, and 43-46 from the '096 Patent (which has 46 total claims); Claims 1-20 of the '175 Patent (which has 20 total claims); and Claims 1-21 of the '490 Patent (which has 21 total claims).

Varian's Letter and the Subsequent, Premature Meet-and-Confer

On August 22, 2019, Varian wrote to Best requesting "a meet-and-confer to discuss [Best's] recent identification of asserted patent claims." During that call on August 26, 2019, counsel for Best stressed that Varian's concerns were *entirely premature* and an unwelcome hindrance as Best was finalizing its initial infringement contentions. Counsel stressed that Best intended to be *reasonable* about the number of claims

---

[1] U.S. Patent No. 6,038,283 ("the '283 Patent"), U.S. Patent No. 6,393,096 ("the '096 Patent"), U.S. Patent No. 7,266,175 ("the '175 Patent"), and U.S. Patent No. 7,015,490 ("the '490 Patent") (together, the "patents-in-suit").

The Honorable Maryellen Noreika
September 26, 2019

asserted – a guiding sentiment Best endeavors to express for all aspects of this litigation. Counsel further stressed that Best's infringement analysis was ongoing and that the number of asserted claims would very likely be markedly reduced by the time the initial infringement claim charts were served.

Counsel for Best further indicated that allegations of prejudice were not logical at least because Varian has known since October 16, 2018, that it was accused of infringing the patents-in-suit and Varian alone knows exactly which claims it infringes. Armed with that knowledge, Varian has been in possession since October 16, 2018, of everything it needs to mount its potential invalidity case. As discovery continues, Best may consider reducing the number of asserted claims for trial, but that in no way affects Varian's independent ability to formulate its invalidity case.

### Varian's Request for a Call with the Court Regarding Claim Narrowing

Despite Best's request to Varian to seek relief from the Court only *after* Best's initial infringement claim charts were served, Varian insisted on contacting chambers to schedule a call with the Court. That contact occurred on August 28, 2019, *i.e.*, two days before Best identified the claims it now asserts.

On August 30, 2019, *before even having received Best's initial infringement charts*, Varian proposed a reduction of claims and art much like that found in Exhibit A to Varian's letter, but which included a limit of 42 prior art publications for Varian's initial invalidity contentions.

### Best's Asserted Claims Drop By Over 50% – To A Mere 37 Claims Over 4 Patents

As anticipated and as Varian had been advised, when Best served its initial infringement charts on August 30, 2019, it asserted a mere 37 claims – ~27% of the total claims.

### Best's Response To Proposed Claim Narrowing

On September 16, 2019, Best formally responded to Varian's request to narrow the claims and art. That response summarizes Best's position, which it will convey to the Court on the call:

> Thank you for your email and your suggestion about paring down the number of claims and the number of prior art references that the parties may rely on as we move forward. However, Best does not agree to such a paring so early in this case. At this time, we have had limited discovery from Varian, no sense of claim construction issues that Varian may raise, and no testimony of a Varian representative, all of which will come later in the litigation. We see no justification for Varian's artificial, extremely-low numbers and continue to believe that *reasonableness* should govern the numbers as discovery plays out.
>
> We will continue to consider narrowing of the issues as we move forward. We will remind you that Best reduced the number of claims asserted from 80 to 37, a reduction of more than half. As Best informed Varian in our exchanges in August and before the Court, Varian's suggestion and complaints about the number of asserted claims was too early then. Now that the numbers of claims have been reduced, there is even less reason to agree to such a reduction now.

### Each Dispute Is Unique and Any Claim Limitation Should Be Tailored to the Dispute

Varian seeks to liken this dispute to that in *Confluent*, wherein the claims were narrowed to 4-5 claims per patent. This dispute is as different from *Confluent* as was the dispute in *Ethicon*, and as Judge Burke noted:  "*Confluent* was a second, related case involving the same parties as did the first case. Not

The Honorable Maryellen Noreika
September 26, 2019

only did the Court have extensive experience with the first case, which had been pending for over two years but the Court also believed that a more aggressive-than-normal schedule for case narrowing was necessary in Confluent because, *inter alia*: (1) the first case was so heavily litigated that it demonstrated that greater-than-normal restrictions . . . were needed . . . and (2) the parties in *Confluent* had greater than-than-normal familiarity with some of their adversaries' likely litigation positions, due to the parties' collective experience with the first case." *See Exhibit C to Varian's Letter, pp. 2-3*. In contrast to *Confluent,* this is the *first* patent dispute between the parties, there is no related litigation between the parties, the Court has not already devoted substantial resources, fact discovery does not close for almost a year, and trial is not scheduled for almost two years. *See D.I. 27*.

Varian's letter also includes a typographical error. It states that in *AT&T* the plaintiffs were limited to "12 claims before *Markman* briefing." The cited Joint Stipulation required plaintiffs to "assert no more than 12 claims *for each* of the asserted Patents-in-Suit." *See Exhibit J to Varian's Letter, p. 1* (emphases added). Best's current assertion of 37 claims is already well under what would be a total of 48 claims under *AT&T*.

<u>The Appropriate Time to Consider Narrowing Is Not Now</u>
Best submits that narrowing the number of claims should be considered at appropriate times in the case, which Best believes are: August 19, 2020, for the asserted claims, *i.e.*, when Best's final infringement contentions are due; and September 16, 2020, for the invalidity art, *i.e.*, when Varian's final invalidity contentions are due. It is simply too early to arbitrarily pick claim and art numbers and Best respectfully requests that these issues be revisited in June of 2020, *i.e.*, before the deadline for joining parties and amending the pleadings.

**<u>Best's Source Code</u>**
The call on October 2, 2019, was scheduled for one issue only – claim narrowing. Best finds Varian's attempt to back-door this issue into the call, without warning, inappropriate and premature. Should the Court entertain the issue, Best's position is straight-forward: (1) a patentee need not practice the patented invention and whether Best does is of no moment when deciding whether Varian infringes one or more of the patents-in-suit (*see, e.g., Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1547 (Fed. Cir. 1995)); and (2) Best's source code is not relevant to any claim or defense of either party. Varian argues it must be able to test Best's "contentions regarding its purportedly practicing products," but the question is why? Varian mentions *Best's* hypothetical damages case, butsuch a case would be Best's, not Varian's, burden to support. Furthermore, despite repeated requests, Varian has yet to identify a single case in this jurisdiction wherein a plaintiff similarly situated to Best has been required to disclose its source code.

                                                     Respectfully submitted,

                                                    */s/ Geoffrey G. Grivner*

                                                    Geoffrey G. Grivner (#4711)

GGG
0098362-0000001
cc:      Clerk of the Court
            All Counsel of Record (via CM/ECF and e-mail)