IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VARIAN MEDICAL SYSTEMS, INC. and ) <br> VARIAN MEDICAL SYSTEMS ) <br> INTERNATIONAL AG, ) <br> ) <br> Defendants. ) | C.A. No. 18-1599-MN |

**DEFENDANTS' UNOPPOSED MOTION TO ISSUE LETTERS
OF REQUEST FOR INTERNATIONAL DISCOVERY**

Pursuant to 28 U.S.C. § 1781, Federal Rule of Civil Procedure 28(b), and the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), defendants Varian Medical Systems, Inc. and Varian Medical Systems International AG (collectively "Varian") respectfully request that the Court issue the attached letters of request (Exhibits A through G). Plaintiff does not oppose this request. In support of its motion, Varian waives its opening brief and states as follows:

1.      Under 28 U.S.C. § 1781, international requests for legal assistance may be made by "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal . . . ." 28 U.S.C. § 1781(b)(2). The Hague Evidence Convention also authorizes judicial authorities in member countries (like the United States) to issue letters of request to authorities in other member countries:

> In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act.

Hague Evidence Convention, Art. 1.  And Federal Rule of Civil Procedure 28(b) authorizes district courts to issue letters of request to take depositions in other countries "on appropriate terms after an application and notice of it[.]"  Fed. R. Civ. P. 28(b)(2).

2.	Requests for international legal assistance are appropriate where the recipients "are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of [another country], and are not otherwise subject to the jurisdiction of the Court."  *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (issuing letter of request to the Netherlands).  The burden to establish the need for letters of request "is not great, . . . since the '[Hague Evidence] Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention.'"  *Id.* (quoting *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. Iowa*, 482 U.S. 522, 541 (1987)).

3.	"Courts 'routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence.'"  *Compagnie des Grands Hotels d'Afrique S.A. v. Starman Hotel Holdings LLC*, C.A. No. 18-654-RGA, 2019 U.S. Dist. LEXIS 117054, at *4 (D. Del. July 15, 2019) (quoting *Netherby Ltd. v. Jones Apparel Grp.*, No. 04 Civ. 7028 (GEL), 2005 U.S. Dist. LEXIS 9769, at *1 (S.D.N.Y. May 18, 2005)); *see also Abbott Labs. v. Teva Pharm. USA, Inc.*, C.A. No. 02-1512-KAJ, 2004 U.S. Dist. LEXIS 13480, at *8 (D. Del. July 15, 2004) (issuing letter of request to France where requests were narrowly tailored to obtain relevant information).  The same standard applies to letters of request directed to non-member countries.  *See, e.g.*, *Netherby*, 2005 U.S. Dist. LEXIS 9769, at *1 (applying this standard to a letter of request to Canada, which is not a signatory to the Hague Evidence Convention).  Questions of overbreadth should generally

be addressed by the foreign judicial authorities, not the issuing court. *Tulip*, 254 F. Supp. 2d. at 475 (noting that "if [the] document requests are overly broad under the law of the Netherlands, . . . then the requests will presumably be narrowed by the appropriate judicial authorities in the Netherlands before any documents are produced") (citing *Aerospatiale*, 482 U.S. at 542).

4. The letters of request attached as Exhibits A through G are directed to the central authorities of five countries: Canada, France, Germany, the Netherlands, and the United Kingdom. All but Canada are signatories to the Hague Evidence Convention. *See* Hague Evidence Convention Status Table, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited December 5, 2019). And as noted above, the applicable legal standard is the same for non-signatory countries like Canada. *See Netherby*, 2005 U.S. Dist. LEXIS 9769, at *1.

5. The requests are narrowly tailored, and seek the production of specific categories of documents and deposition testimony regarding prior art medical treatment systems. These are complex systems, and public-facing documents often do not fully describe the precise ways in which they operate. Likewise, public documents (like journal articles) rarely provide the information needed to establish that a prior art system meets the requirements of 35 U.S.C. § 102. Moreover, the documents requested are from 2003 and earlier, making them less likely to have been widely disseminated on the Internet (and unlikely to still exist in an accessible public form). Without having access to internal documents and deposition testimony regarding these systems, Varian will therefore lose access to valuable—and potentially invalidating—prior art. Thus, the requested documents and testimony are directly and materially relevant to Varian's invalidity defenses, and the attached letters of request are the only mechanism by which Varian can obtain them.

6. Because the letters of request seek the production of evidence that is materially relevant to Varian's invalidity defenses, and the information is in the possession of entities outside the Court's jurisdiction, Varian respectfully submits that it has met its burden to show that the letters of request should be issued. *See Compagnie des Grands Hotels d'Afrique*, 2019 U.S. Dist. LEXIS 117054, at *4; *Netherby*, 2005 U.S. Dist. LEXIS 9769, at *1.

WHEREFORE, Varian respectfully requests that the Court sign and seal the letters of request attached as Exhibits A through G, so that Varian can have them translated (where applicable) and delivered to the appropriate authorities.

|  |  |
|---|---|
|  | */s/ David M. Fry* |
|  | John W. Shaw (No. 3362) |
|  | David M. Fry (No. 5486) |
|  | Nathan R. Hoeschen (No. 6232) |
|  | SHAW KELLER LLP |
|  | I.M. Pei Building |
|  | 1105 North Market Street, 12th Floor |
|  | Wilmington, DE 19801 |
| OF COUNSEL: | (302) 298-0700 |
| Leo L. Lam | jshaw@shawkeller.com |
| Ryan K. Wong | dfry@shawkeller.com |
| Justina Sessions | nhoeschen@shawkeller.com |
| Julia L. Allen | *Attorneys for Defendants* |
| José L. Martinez |  |
| Kristen Lovin |  |
| KEKER, VAN NEST & PETERS LLP |  |
| 633 Battery Street |  |
| San Francisco, CA 94111 |  |
| (415) 391-5400 |  |

Joseph A. Greco
BECK, BISMONTE & FINLEY, LLP
150 Almaden Blvd.
10th Floor
San Jose, CA 95113
(408) 938-7900

Dated: December 17, 2019