

David M. Fry
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0705 - Direct
dfry@shawkeller.com

January 28, 2020

**BY CM/ECF AND HAND DELIVERY**
The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

   Re: *Best Med. Int'l, Inc. v. Varian Med. Sys., Inc., et al.*, C.A. No. 18-1599-MN

Dear Judge Noreika:

  Defendants Varian Medical Systems, Inc. and Varian Medical Systems AG (collectively, "Varian") respectfully request that the Court require plaintiff Best Medical International, Inc. ("BMI") to respond to an interrogatory seeking BMI's validity contentions.

  On October 18, 2019, Varian served an interrogatory seeking BMI's validity contentions with respect to the prior art references and combinations charted in Varian's preliminary invalidity contentions. Exh. A at 7. In response, BMI refused to disclose any substantive validity contentions, instead asserting that it will only "respond, as necessary . . . through its submission of Plaintiff's Rebuttal Expert Reports (currently due October 30, 2020)." Exh. B at 5. After maintaining its refusal throughout the meet-and-confer process, BMI served a "supplemental" response yesterday at 8pm that still does not provide substantive validity contentions on all four patents in suit, and instead cross-references its preliminary responses in *inter partes* reviews on one patent and states that it will file a preliminary response on one other patent. Exh. C at 6-7.

  Under Federal Rule of Civil Procedure 33, BMI had an obligation to answer Interrogatory No. 16 within 30 days, and it has no valid basis for refusing to do so. To the contrary, the Court's Scheduling Order "encourages the parties to serve and respond to contention interrogatories early in the case[,]" with contentions to "first be addressed by the party with the burden of proof." D.I. 29, ¶ 8(d)(ii); *see also, e.g.*, *Satius Holding, Inc. v. Samsung Electronics Co., Ltd. et al.*, C.A. No. 18-00850-MN-CJB, D.I. 52 (D. Del. Aug. 8, 2019) (Exhibit D) (requiring plaintiff to provide detailed responses to defendants' invalidity contentions in a contention interrogatory response, during the fact discovery period) *see also see also Reliant Pharm., Inc. v. Par Pharm., Inc.*, C.A. No. 06-774-JJF, D.I. 204 (D. Del. Mar. 7, 2008) at 20:9–21:5 ("[I]n this district there is a preference that contention discovery be conducted by interrogatory even when factual information is sought[.]") (Exhibit E); *Gillette Co. v. Dollar Shave Club, Inc.*, C.A. No. 15-1158-LPS-CJB, 2018 WL 3528720, at *1 (D. Del. July 23, 2019) (ordering "service of validity contentions" during fact discovery after a narrowing of asserted claims and references) Indeed, BMI has served its own non-infringement contention interrogatory on Varian, which Varian answered within 30 days, consistent with its discovery obligations.

  BMI has ignored the Court's guidance and the law, and its response to Interrogatory No. 16 is no response at all. *See* Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete . . . response must be treated as a failure to . . . respond"). BMI's long-delayed supplement does not provide any more substance, as it does nothing more than improperly incorporate BMI's entire IPR preliminary

response relating to one patent out of the four in suit.[1] A blanket incorporation by reference of other pleadings in separate proceedings is not a proper interrogatory response. *See Roman v. City of Reading*, 121 Fed. App'x 955, 959 ("The general rule is that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents." (quoting *Dipietro v. Jefferson Bank*, 144 F.R.D. 279, 282 (E.D.Pa.1992)). And even taking BMI's reference to its IPR response at face value, the supplemental response still leaves three of four patents-in-suit unaddressed, and it also fails to address several of the prior-art references that Varian charted in its invalidity contentions for the '175 patent. BMI's statement that it "will provide a preliminary response" in the IPR on a second patent is also an improper non-response, especially given that BMI has had Varian's invalidity contentions for over three months. BMI's argument that patent validity will also be the subject of expert discovery is no excuse. "[E]xperts must rely on facts for their opinions. Facts are the subject of fact discovery, and parties are required to disclose such facts before the facts are massaged and manipulated by their expert witnesses." *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, C.A. No. 08-889-SLR, 2013 WL 12291705 at *1 (D. Del. Oct. 22, 2013) (ordering plaintiffs to respond to damages contention interrogatory).

BMI has also objected to Interrogatory No. 16 as overly burdensome, on grounds that it seeks validity contentions on an excessive number of prior art references.[2] But Interrogatory No. 16 only asks BMI to provide contentions on the claims that BMI has chosen to assert (*i.e.*, "for each limitation of any *Asserted Claim*") and "the primary references or secondary references *as claim-charted in Varian's Preliminary Invalidity Contentions . . . .*" Exh. A at 7 (emphases added). While Varian's preliminary invalidity contentions (served on October 15, 2019) cite a large number of prior art references, they contain only an average of just under 2 charts per claim. BMI has made no effort to explain how responding to these claim charts presents an undue burden that would relieve it of its discovery obligations. Indeed, BMI opposed Varian's request for early case narrowing, including Varian's proposal for early narrowing of asserted claims and prior art references and combinations. *See* D.I. 49 at 3 (BMI arguing that Varian should not be required to narrow its prior art references until its "final invalidity contentions are due" and that "[i]t is simply too early to arbitrarily pick claim and art numbers"). Having refused any procedure by which Varian would narrow its asserted prior art references, BMI cannot now be heard to complain that Varian is using too many. BMI also raised new objections in its January 27, 2020 supplemental response. Those objections are untimely and waived because they BMI served them 101 days after Varian's interrogatory. *See* Fed. R. Civ. P. 33(b)(4); *see also* Exh. C.

Varian asks that the Court require BMI to respond substantively and fully to Varian's Interrogatory No. 16 within 10 days of the Court's order. Varian served its invalidity contentions over three months ago, and BMI has had more than ample time to assess them. Varian continues

---

[1] BMI states that it "has responded by its Patent Owner's Preliminary Response to Varian's Petition in IPR2020-00053 and IPR2020-00077." Exh. C at 6. Those two IPRs relate to U.S. Patent 7,266,175. BMI also states that it "will file the Patent Owner's Preliminary Response to Varian's Petition in IPR2020-0076." *Id.* That IPR relates to U.S. Patent 7,015,490.

[2] BMI also claims that the interrogatory contains impermissible subparts, ignoring that the same objection would apply to BMI's interrogatory seeking Varian's non-infringement contentions.

to suffer prejudice from BMI's refusal to provide meaningful discovery in this case. For example, BMI has already delayed and avoided taking positions on validity during the claim-construction exchange, and Varian will now have to serve its opposition claim-construction brief on February 14 without knowing BMI's validity contentions—even though BMI has had the benefit of knowing Varian's non-infringement contentions throughout the entire process.

For the foregoing reasons, Varian respectfully requests that the Court order BMI to supplement its response to Interrogatory No. 16 within 10 days of the Court's order. Specifically, Varian requests that the Court order BMI to include in its response, for each limitation of any asserted claim that BMI contends is not present in the references claim-charted in Varian's Preliminary Invalidity Contentions, claim charts with citations to facts, evidence, or argument supporting BMI's position. These claim charts must be complete in themselves (e.g., not simply reference another document) and provide a level of detail equivalent to that required for initial invalidity contentions.

Respectfully submitted,

*/s/ David M. Fry*

David M. Fry (No. 5486)

cc: Clerk of the Court (via hand delivery)
All Counsel of Record (via CM/ECF and e-mail)