# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-1599-MN ) |
| VARIAN MEDICAL SYSTEMS, INC., AND VARIAN MEDICAL SYSTEMS INTERNATIONAL AG, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS VARIAN MEDICAL SYSTEMS, INC. AND VARIAN MEDICAL SYSTEMS INTERNATIONAL AG'S SECOND SET OF <u>INTERROGATORIES TO PLAINTIFF BEST MEDICAL INTERNATIONAL, INC.</u>**

OF COUNSEL:
Leo L. Lam
Ryan K. Wong
Justina Sessions
Julia L. Allen
José L. Martinez
Kristen Lovin
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Joseph A. Greco
BECK, BISMONTE & FINLEY, LLP
150 Almaden Blvd.
10th Floor
San Jose, CA 95113
(408) 938-7900

Dated: October 18, 2019

John W. Shaw (No. 3362)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendants*

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Varian Medical Systems, Inc. and Varian Medical Systems International ("Varian") hereby submit the following interrogatories to Plaintiff Best Medical International, Inc. ("BMI"). The interrogatories are to be answered in accordance with the Definitions and Instructions set forth below separately and fully, in writing, in accordance with the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 26(e), these interrogatories are continuing in nature.

## DEFINITIONS

Although the following definitions are stated in terms of a particular inflection of the word defined (*i.e.*, singular, masculine, present tense, etc.), they shall be interpreted to define all of the other inflections of that word as well.

1. "BMI" means Best Medical International, Inc. (*i.e.*, the entity that brought this action), including, but not limited to, all predecessors, predecessors-in-interest, affiliates, parents, subsidiaries, and all past or present directors, officers, agents (including patent agents), representatives, employees, consultants, attorneys, or entities acting in joint venture, licensing agreements, or partnership relationship of each, as well as any others acting on behalf of each.

2. "Varian" means Varian Medical Systems, Inc. and Varian Medical Systems International, AG, including, but not limited to, its agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf, and all of its present or former subsidiaries, divisions, and/or affiliates.

3. The term "Asserted Patents" means every patent, collectively and individually, that BMI contends is or was infringed by Varian in this action, including but not limited to U.S. Patent Nos. 6,038,283; 6,393,096; 7,266,175; and 7,015,490.

4. The term "Asserted Claims" means any claim of the Asserted Patents that BMI contends is or has been infringed by Varian.

5. The term "related BMI patents" means any and all patent applications (and patents issued therefrom) filed anywhere in the world that (i) are or result from a continuation, continuation-in-part, division, or reissue of any of the Asserted Patents or applications therefore;

1

(ii) claim priority based on any of the Asserted Patents or applications therefore; (iii) are identified as supporting a priority claim for any of the Asserted Patents or applications therefore; or (iv) claim priority based on any patent application from which any of the Asserted Patents claims priority. To the extent that any Asserted Patents claim priority to and/or result from a Patent Cooperation Treaty (PCT) application, this definition includes any and all patent applications (and patents issued therefrom) filed anywhere in the world that claim priority to and/or result from, either directly or indirectly, such PCT application.

6. The term "Named Inventor(s)" means any or all of the named inventors of the Asserted Patents, including but not limited to:
- Robert Campbell,
- Mark Carol,
- Bruce Curran,
- Robert Hill,
- Richard Huber,
- Simon Chun-pin Lam,
- Richard Nash,
- Merle Romesberg, and
- Duan Qiang Wang.

7. The term "Accused Product(s)" means any Varian product that BMI contends infringes any Asserted Claim.

8. The term "Practicing Product" means any and all products developed, designed, tested, manufactured, made available, used, distributed, acquired, licensed, leased, sold, offered for sale, provided, or marketed by any entity that BMI contends practice or practiced any invention claimed in any of the Asserted Patents.

9. The terms "Prior Art" includes any reference, subject matter, event, or other matter set forth, relevant, or alleged to be relevant under 35 U.S.C. § 102 and/or 35 U.S.C. § 103,

including but not limited to publications, patents, physical devices, prototypes, uses, sales, and offers for sale, and any documents or other things evidencing any of the foregoing.

10. The term "infringe" and "infringement" mean any form of patent infringement, including direct infringement, indirect infringement, contributory infringement, infringement by inducement, literal infringement, and infringement under the doctrine of equivalents.

11. The term "action" refers to the above-captioned litigation initiated by BMI against Varian.

12. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13. The term "tangible thing" is defined to be synonymous in meaning and equal in scope to the usage of the term "tangible things" in Federal Rule of Civil Procedure 34(a)(1)(B).

14. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

15. The term "third party" means any person that is not BMI or Varian.

16. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any method, written or verbal.

17. The term "identify" means as follows:

a. When referring to a person, to "identify" means to give, to the extent known, the person's full name and present or last known address. When referring to a natural person, identify means to provide the full name and last known email address, physical address, telephone number, title, and employer of each natural person. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

b. When referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv)

author(s), addressee(s), and recipient(s); and (v) any Bates number BMI affixes to the first and last pages of the document in this action.

   c. When referring to written or recorded communications, to "identify" means to give, to the extent known, the (i) type of communication; (ii) general subject matter; (iii) date, title, file name, or other description sufficient to describe the communication and distinguish it from other written or recorded communications; (iv) author(s), addressee(s), and recipient(s); and (v) any Bates number BMI affixes to the first and last pages of the document in this action.

   d. When referring to unrecorded oral communications, to "identify" means to give, to the extent known, the (i) type of communication; (ii) the name of the sender(s) and recipient(s) of the communication; (iii) the date of the communication; and (iv) to describe in as much detail as possible the substance of the communication.

  18. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

  19. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

  20. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  21. All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, as in each case makes the request more inclusive.

  22. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

  1. Each interrogatory answer shall be preceded by the interrogatory to which it responds and shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reason(s) for the objection shall be stated in lieu of that portion of the answer to which the objection applies.

1353491

2. When an interrogatory calls upon BMI to "state the basis" of or for a particular claim, assertion, allegation, or contention, BMI shall:

      i) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of BMI's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

      ii) identify each and every communication which forms any part of the source of BMI's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

      iii) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of BMI's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

      iv) state separately any other fact which forms the basis of BMI's information regarding the alleged facts or conclusions referred to in the interrogatory.

3. The term "describe," when used in reference to a factual situation or allegation, means to state with particularity all facts known to BMI that bear upon or are related to the matter that is the subject of the inquiry, using the simplest and most factual statements of which BMI is capable.

4. No part of the interrogatory shall be left unanswered merely because an objection has been interposed to another part of that interrogatory.

5. Full and complete responses to the following interrogatories shall be provided, after a diligent and thorough investigation into all information within BMI's possession, custody, or control has been conducted. If a full and complete response to any interrogatory cannot be provided for any reason, respond to the interrogatory to the extent possible, specifying the portion of the interrogatory that cannot be answered, and provide whatever information can be provided regarding the unanswered portion.

6. If BMI is aware that any document within the scope of these interrogatories once existed but has been destroyed, BMI should make a statement to that effect, identify the document, and state the circumstances under which it was destroyed.

7. If BMI is aware that a document within the scope of these interrogatories once existed but has been lost or cannot be currently located, BMI should make a statement to that effect, identify the document, state who was last in possession of the document, the circumstances under which it was lost, and steps that have been taken to locate the document.

8. If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the interrogatory which is not privileged, and for each such item of information to which a claim of privilege is made, identify such information with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    i) For documents: (i) the type of document (*e.g.*, letter or memorandum); (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

    ii) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communications; (ii) the date and place of communications; and (iii) the general subject matter of the communications.

9. The obligation to provide the information sought by these discovery requests, or parts thereof, is continuing.

//
//
//
//

1353491

## INTERROGATORIES

**INTERROGATORY NO. 16:**

Separately for each limitation of any Asserted Claim that you contend is not present in either the primary references or secondary references as claim-charted in Varian's Preliminary Invalidity Contentions served on October 15, 2019, describe in detail all grounds for your contention(s), including any claim charts with citations to any facts, evidence, or argument supporting BMI's position, and the identities of all persons with knowledge of the relevant facts.

Respectfully submitted,

By: */s/ José L. Martinez*

| | |
|---|---|
| John W. Shaw (No. 3362) | Leo L. Lam |
| David M. Fry (No. 5486) | Ryan K. Wong |
| Nathan R. Hoeschen (No. 6232) | Justina K. Sessions |
| SHAW KELLER LLP | Julia L. Allen |
| I.M. Pei Building | José L. Martinez |
| 1105 N. Market Street, 12th Floor | Kristen Lovin |
| Wilmington, DE 19801 | KEKER, VAN NEST & PETERS LLP |
| (302) 298-0700 | 633 Battery Street |
| jshaw@shawkeller.com | San Francisco, CA 94111-1809 |
| dfry@shawkeller.com | (415) 391-5400 |
| nhoeschen@shawkeller.com | |

*Attorneys for Defendants*

OF COUNSEL:

Joseph A. Greco
BECK, BISMONTE & FINLEY, LLP
150 Almaden Blvd.
10th Floor
San Jose, CA 95113
(408) 938-7900

Dated: October 18, 2019

# CERTIFICATE OF SERVICE

I, José L. Martinez, hereby certify that on October 18, 2019, this document was served on the persons listed below in the manner indicated

**BY EMAIL**

Geoffrey G. Grivner
BUCHANAN INGERSOLL & ROONEY PC
919 North Market Street, Suite 1500
Wilmington, DE 19801
(302) 552-4207
geoffrey.grivner@bipc.com

Philip L. Hirschhorn
Jennifer Liu
BUCHANAN INGERSOLL & ROONEY PC
640 Fifth Avenue, 9th Floor
New York, NY 10019-6102
(212) 440-4470
philip.hirschhorn@bipc.com
jennifer.liu@bipc.com

Erin M. Dunston
Kimberly E. Coghill
Anand Mohan
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500 Alexandria, Virginia 223142727-
(703) 838-6514
erin.dunston@bipc.com
kimberly.coghill@bipc.com
anand.mohan@bipc.com

Jason Camillo
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Center
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
(412) 562-8800
jason.camillo@bipc.com

John W. Shaw (No. 3362)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com

By: */s/ José L. Martinez*
Leo L. Lam
Ryan K. Wong
Justina K. Sessions
Julia L. Allen
José L. Martinez
Kristen Lovin
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

*Attorneys for Defendants*

OF COUNSEL:

Joseph A. Greco
BECK, BISMONTE & FINLEY, LLP
150 Almaden Blvd.
10th Floor
San Jose, CA 95113
(408) 938-7900