**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., | ) |
| | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No.: 1:18-cv-01599-MN |
| | ) |
| VARIAN MEDICAL SYSTEMS, INC., AND | ) |
| VARIAN MEDICAL SYSTEMS | ) JURY TRIAL DEMANDED |
| INTERNATIONAL AG, | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS VARIAN MEDICAL SYSTEMS, INC. AND VARIAN MEDICAL SYSTEMS INTERNATIONAL AG'S SECOND SET OF INTERROGATORIES TO PLAINTIFF BEST MEDICAL INTERNATIONAL, INC.**

Plaintiff Best Medical International, Inc. ("Best" or "Plaintiff") by and through their attorneys, hereby respond to Defendants Varian Medical Systems, Inc., and Varian Medical Systems International AG (collectively, "Varian" or "Defendants") Second Set of Interrogatories ("Second Interrogatories") in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

Each of the following general objections shall be deemed to apply to each of Varian's interrogatories as if asserted as a specific objection, notwithstanding the fact that Best has supplied specific objections to the individual interrogatories. The fact that a specific objection may mention one or more of the general objections does not mean that the other general objections do not apply.

1.      Best objects to Varian's definitions, instructions and interrogatories to the extent they exceed the scope of, or would impose any greater obligation on Best than the requirements

of the Federal Rules of Civil Procedure and this Court's Local Rules.

2.	Best objects to Varian's definitions, instructions and interrogatories to the extent they seek information that is protected by the attorney-client privilege, work-product doctrine, joint-defense privilege, common-interest privilege or any other privilege or protection to which Best entitled.  Best further objects to these interrogatories to the extent that they seek identification of information created by or for litigation counsel that is protected by the attorney-client privilege or the work-product doctrine.

3.	Best objects to Varian's interrogatories to the extent that Varian is requesting information or documents that are in the public domain or are in Varian's, its agent's and/or counsel's custody, possession or control.  Best is not obligated to provide information or produce documents that are in the public domain or are already within Varian's, its agent's and/or counsel's, custody, possession or control.

4.	Best objects to Varian's interrogatories to the extent that they are so broad and vague, both as to time and/or subject matter, that they place an unreasonable burden on Best to ascertain what information is sought so that Best may respond.

5.	Best objects to Varian's interrogatories to the extent that they improperly seek opinions, contentions, interpretations of available data, material prepared for litigation and/or conclusions as to legal or other inappropriate matters and otherwise objects to any request for information other than for facts that are properly discoverable.

6.	Best objects to Varian's interrogatories to the extent that they require Best to obtain and compile information from third parties.

7.	Best objects to Varian's interrogatories to the extent that they seek information of third parties that are confidential and/or proprietary.

8. Best objects to Varian's interrogatories to the extent that they require Best to reveal legal conclusions to Varian.

9. Best's decision to provide responses, notwithstanding the objectionable nature of Varian's interrogatories, shall not constitute: (1) a stipulation that the information provided is relevant; (2) a waiver of any of the General Objections herein or the objections asserted in response to specific interrogatories; or (3) an agreement that additional interrogatories will be treated in a similar manner.

10. Best objects to any implications and to any explicit or implicit characterization of the claims, claim terms, facts, events, circumstances or issues involved in this suit in Varian's interrogatories. Any response by Best is not intended to indicate that Best ` agrees with any such implications or characterizations, or that such implications or characterizations are relevant to this litigation.

11. Best objects to Varian's interrogatories on the grounds that the requested information is overly broad and unduly burdensome, not relevant to any party's claim or defense and not proportional to the needs of the case.

12. Best objects to the definition of "BMI" as vague, unintelligible, overly broad and unduly burdensome.

13. Best objects to the definition of "Practicing Product" as vague, unintelligible, overly broad and unduly burdensome.

14. Best additionally objects to the following definitions as being overbroad, unduly burdensome and not readily susceptible to a defined limit: "Best" and "Varian." Best's responses are guided by its understanding of each party.

15. Best expressly reserves the right to supplement, clarify, revise or correct any or all

of the responses and objections herein, and to assert additional objections or privileges in one or more subsequent supplemental response(s).

Without waiving any of the foregoing general objections, Best responds to the First Interrogatories as follows, incorporating each and every one of the foregoing general objections into each respective response below.

**SPECIFIC OBJECTION AND RESPONSE**

**INTERROGATORY NO. 16**

Separately for each limitation of any Asserted Claim that you contend is not present in either the primary references or secondary references as claim-charted in Varian's Preliminary Invalidity Contentions served on October 15, 2019, describe in detail all grounds for your contention(s), including any claim charts with citations to any facts, evidence, or argument supporting BMI's position, and the identities of all persons with knowledge of the relevant facts.

**RESPONSE:**

Best objects to Interrogatory No. 16 as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Best also objects to Interrogatory No. 16 as incorporating multiple interrogatories into one and/or including multiple sub-parts. Best further objects to Interrogatory No. 16 as seeking expert discovery and expert opinion outside the Court's Scheduling Order and being premature. Under the Court's Scheduling Order, Defendants' final invalidity contentions and Opening Expert Report(s) on invalidity are due on September 16, 2020. Plaintiff's Rebuttal Expert Reports are due on October 30, 2020. In Varian's Preliminary Invalidity Contentions, Varian has asserted multiple bases for invalidity for

4

each Asserted Patent and each Asserted Claim. For example, Varian has preliminarily asserted 52 separate bases of invalidity for anticipation and/or obviousness of the asserted claims of the '283 Patent alone. Similarly, Varian has preliminarily asserted as a basis or bases of invalidity 76 separate references. Plaintiff, without waiving any objections, will further respond, as necessary, to Varian's Interrogatory No. 16 through its submission of Plaintiff's Rebuttal Expert Reports (currently due October 30, 2020) to address any remaining Varian contentions that each limitation of any Asserted Claim is allegedly present in either the primary references or secondary references cited in Varian's Preliminary Invalidity Contentions (served on October 15, 2019) and that are again presented by Varian in Defendants' final invalidity contentions and Opening Expert Report(s) (currently due September 16, 2020) .

| Dated: November 18, 2019 | */s/ Geoffrey G. Grivner* |
| --- | --- |
| | Geoffrey G. Grivner (DE Bar No. 4711) |
| | BUCHANAN INGERSOLL & ROONEY PC |
| | 919 North Market Street, Suite 990 |
| | Wilmington, Delaware 19801 |
| | Tel: (302) 552-4207 |
| | Fax: (302) 552-4295 |
| | geoffrey.grivner@bipc.com |
| | |
| | Philip L. Hirschhorn (admitted *pro hac*) |
| | BUCHANAN INGERSOLL & ROONEY PC |
| | 640 Fifth Avenue, 9th Floor |
| | New York, New York 10019-6102 |
| | Tel: (212) 440-4400 |
| | Fax: (212) 440-4401 |
| | philip.hirschhorn@bipc.com |
| | |
| | Erin M. Dunston (admitted *pro hac*) |
| | Kimberly E. Coghill (admitted *pro hac*) |
| | Anand Mohan (admitted *pro hac*) |
| | BUCHANAN INGERSOLL & ROONEY PC |
| | 1737 King Street, Suite 500 |
| | Alexandria, Virginia 22314-2727 |
| | Tel: (703) 836-6620 |
| | Fax: (703) 836-2021 |
| | erin.dunston@bipc.com |
| | kimberly.coghill@bipc.com |
| | anand.mohan@bipc.com |
| | |
| | Jason P. Camillo (admitted *pro hac*) |
| | BUCHANAN INGERSOLL & ROONEY PC |
| | 501 Grant Street, Suite 200 |
| | Pittsburgh, Pennsylvania 15219-4413 |
| | Tel: (412) 562-8800 |
| | Fax: (412) 562-1041 |
| | jason.camillo@bipc.com |
| | |
| | *Attorneys for Plaintiff* |
| | *Best Medical International, Inc.* |