# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>VARIAN MEDICAL SYSTEMS, INC., AND )<br>VARIAN MEDICAL SYSTEMS )<br>INTERNATIONAL AG, )<br>)<br>*Defendants*. ) | Civil Action No.: 1:18-cv-01599-MN<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS VARIAN MEDICAL SYSTEMS, INC. AND VARIAN MEDICAL SYSTEMS INTERNATIONAL AG'S SECOND SET OF INTERROGATORIES TO PLAINTIFF BEST MEDICAL INTERNATIONAL, INC.

Plaintiff Best Medical International, Inc. ("Best" or "Plaintiff") by and through its attorneys, hereby provides its supplemental responses to Defendants Varian Medical Systems, Inc., and Varian Medical Systems International AG (collectively, "Varian" or "Defendants") Second Set of Interrogatories ("Second Interrogatories") in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

Each of the following general objections shall be deemed to apply to each of Varian's interrogatories as if asserted as a specific objection, notwithstanding the fact that Best has supplied specific objections to the individual interrogatories. The fact that a specific objection may mention one or more of the general objections does not mean that the other general objections do not apply.

1. Best objects to Varian's definitions, instructions and interrogatories to the extent

they exceed the scope of, or would impose any greater obligation on Best than the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules.

2.      Best objects to Varian's definitions, instructions and interrogatories to the extent they seek information that is protected by the attorney-client privilege, work-product doctrine, joint-defense privilege, common-interest privilege or any other privilege or protection to which Best entitled.  Best further objects to these interrogatories to the extent that they seek identification of information created by or for litigation counsel that is protected by the attorney-client privilege or the work-product doctrine.

3.      Best objects to Varian's interrogatories to the extent that Varian is requesting information or documents that are in the public domain or are in Varian's, its agent's and/or counsel's custody, possession or control.  Best is not obligated to provide information or produce documents that are in the public domain or are already within Varian's, its agent's and/or counsel's, custody, possession or control.

4.      Best objects to Varian's interrogatories to the extent that they are so broad and vague, both as to time and/or subject matter, that they place an unreasonable burden on Best to ascertain what information is sought so that Best may respond.

5.      Best objects to Varian's interrogatories to the extent that they improperly seek opinions, contentions, interpretations of available data, material prepared for litigation and/or conclusions as to legal or other inappropriate matters and otherwise objects to any request for information other than for facts that are properly discoverable.

6.      Best objects to Varian's interrogatories to the extent that they require Best to obtain and compile information from third parties.

7.      Best objects to Varian's interrogatories to the extent that they seek information of

third parties that are confidential and/or proprietary.

8. Best objects to Varian's interrogatories to the extent that they require Best to reveal legal conclusions to Varian.

9. Best's decision to provide responses, notwithstanding the objectionable nature of Varian's interrogatories, shall not constitute: (1) a stipulation that the information provided is relevant; (2) a waiver of any of the General Objections herein or the objections asserted in response to specific interrogatories; or (3) an agreement that additional interrogatories will be treated in a similar manner.

10. Best objects to any implications and to any explicit or implicit characterization of the claims, claim terms, facts, events, circumstances or issues involved in this suit in Varian's interrogatories. Any response by Best is not intended to indicate that Best agrees with any such implications or characterizations, or that such implications or characterizations are relevant to this litigation.

11. Best objects to Varian's interrogatories on the grounds that the requested information is overly broad and unduly burdensome, not relevant to any party's claim or defense and not proportional to the needs of the case.

12. Best objects to the definition of "BMI" as vague, unintelligible, overly broad and unduly burdensome.

13. Best objects to the definition of "Practicing Product" as vague, unintelligible, overly broad and unduly burdensome.

14. Best additionally objects to the following definitions as being overbroad, unduly burdensome and not readily susceptible to a defined limit: "Best" and "Varian." Best's responses are guided by its understanding of each party.

15. Best expressly reserves the right to supplement, clarify, revise or correct any or all of the responses and objections herein, and to assert additional objections or privileges in one or more subsequent supplemental response(s).

Without waiving any of the foregoing general objections, Best responds to the First Interrogatories as follows, incorporating each and every one of the foregoing general objections into each respective response below.

**SPECIFIC OBJECTION AND RESPONSE**

**INTERROGATORY NO. 16**

Separately for each limitation of any Asserted Claim that you contend is not present in either the primary references or secondary references as claim-charted in Varian's Preliminary Invalidity Contentions served on October 15, 2019, describe in detail all grounds for your contention(s), including any claim charts with citations to any facts, evidence, or argument supporting BMI's position, and the identities of all persons with knowledge of the relevant facts.

**RESPONSE:**

Best objects to Interrogatory No. 16 as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Best also objects to Interrogatory No. 16 as incorporating multiple interrogatories into one and/or including multiple sub-parts. Best further objects to Interrogatory No. 16 as seeking expert discovery and expert opinion outside the Court's Scheduling Order and being premature. Under the Court's Scheduling Order, Defendants' final invalidity contentions and Opening Expert Report(s) on invalidity are due on September 16, 2020. Plaintiff's Rebuttal Expert Reports are due on October 30, 2020. In

Varian's Preliminary Invalidity Contentions, Varian has asserted multiple bases for invalidity for each Asserted Patent and each Asserted Claim. For example, Varian has preliminarily asserted 52 separate bases of invalidity for anticipation and/or obviousness of the asserted claims of the '283 Patent alone. Similarly, Varian has preliminarily asserted as a basis or bases of invalidity 76 separate references. Plaintiff, without waiving any objections, will further respond, as necessary, to Varian's Interrogatory No. 16 through its submission of Plaintiff's Rebuttal Expert Reports (currently due October 30, 2020) to address any remaining Varian contentions that each limitation of any Asserted Claim is allegedly present in either the primary references or secondary references cited in Varian's Preliminary Invalidity Contentions (served on October 15, 2019) and that are again presented by Varian in Defendants' final invalidity contentions and Opening Expert Report(s) (currently due September 16, 2020) .

Supplemental Response:

Best offers the following supplemental response to Interrogatory No. 16. Best objects to Interrogatory No. 16 insofar as it seeks a response from Best related to "the primary references or secondary references as claim-charted in Varian's Preliminary Invalidity Contentions" when no such claim-charting has been performed by Varian. Varian's Invalidity Contentions are deficient in that they fail to inform Best of the bases for invalidity under § 102 and/or § 103 of the primary references and/or secondary references. Varian has not "claim-charted" any § 103 obviousness assertions in its Invalidity Contentions, leaving Best to guess at the assertions Varian is making. In its Invalidity Contentions, Varian has further failed to identify with specificity the claims that Varian asserts are anticipated under § 102 or are rendered obvious under § 103. Varian has further failed to come forward with evidence demonstrating that any of the 76 asserted prior art references are factually prior art to the claims of the Asserted Patents

against which they are being offered in challenge.

Best further objects to Interrogatory No. 16 to the extent it seeks responses related to claims no longer asserted in the litigation. Best currently asserts 22 claims against Varian: Claims 6, 7, 12, 24, 25, 27, 28, 42, and 46 of the '283 Patent; Claims 18, 21, 23, 31, 33, 44, and 46 of the '096 Patent; Claims 13, 15, and 19 of the '175 Patent; and Claims 4, 17, and 18 of the '490 Patent.

Best further responds that Best will identify and produce the Patent Owner's Preliminary Responses and supporting exhibits filed with the United States Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board ("PTAB") with respect to any *inter partes* review proceeding relating to the Asserted Patents.

Best further responds that Best has responded by its Patent Owner's Preliminary Response to Varian's Petition in IPR2020-00053 and IPR2020-00077, and has provided a preliminary response to each alleged ground of invalidity asserted, namely: Webb 2001 + Mohan (Claims 13-15); Webb 2001 + Mohan + Webb 1993 (Claims 16, 18, 19); Webb 2001 + Mohan + Siebers (Claims 13-15); Webb 2001 + Mohan + Webb 1993 + Siebers (Claims 16, 18, 19); Spirou (Claims 1, 4, 13, 14, 18); and Siebers + Langer + Spirou (Claims 1, 3, 4, 5, 8, 9, 13, 14, 15, 16, 18, 19). Best has also responded to invalidity contentions in the Petition filed by Elekta, Inc. as part of IPR2020-00073, and has provided a preliminary response to each alleged ground of invalidity asserted, namely: Webb 2001 (Claim 1); Webb 2001 + Bar 2001 (Claim 13); Webb 2001 + Bar + Shepard 2002 (Claim 17); Webb 2001 + Bar + Siebers (Claim 8); Webb 2001 + Bar + Siebers + Shepard 2002 (Claims 10, 19, 20); and Shepard 2002 + Que (Claims 11-12).

On January 29, 2020, Best will file the Patent Owner's Preliminary Response to Varian's Petition in IPR2020-00076, and will provide a preliminary response to the sole alleged ground of

6

invalidity asserted, namely: Otto + Chang + Webb + Mohan (Claims 1, 4, 17-19). On January 28, 2020, Best will file the Patent Owner's Preliminary Response to Elekta, Inc.'s Petition in IPR2020-00067, and will provide a preliminary response to each alleged ground of invalidity asserted, namely: Chang 2000 + Chang 2001 + Boyer 2001 (Claims 1, 10, 11, 17); Chang 2000 + Chang 2001 + Siochi 1999 + Boyer 2001 (Claims 4, 12, 18, 19); Siochi '355 + Webb 2001 + Siochi 1999 (Claims 1, 4, 10, 11, 17, 18); Siochi '355 + Webb 2001 + Siochi 1999 + Webb 1993 (Claims 12, 19).

Pursuant to Rule 33(d), Best will identify these documents to Varian as they are produced.

Dated: January 27, 2020

*Geoffrey G. Grivner*
Geoffrey G. Grivner (DE Bar No. 4711)
BUCHANAN INGERSOLL & ROONEY PC
919 North Market Street, Suite 990
Wilmington, Delaware 19801
Tel: (302) 552-4207
Fax: (302) 552-4200
geoffrey.grivner@bipc.com

Philip L. Hirschhorn (admitted *pro hac*)
BUCHANAN INGERSOLL & ROONEY PC
640 Fifth Avenue, 9th Floor
New York, New York 10019-6102
Tel: (212) 440-4400
Fax: (212) 440-4401
philip.hirschhorn@bipc.com

Erin M. Dunston (admitted *pro hac*)
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, Virginia 22314-2727
Tel: (703) 836-6620
Fax: (703) 836-2021
erin.dunston@bipc.com

Jason P. Camillo (admitted *pro hac*)
BUCHANAN INGERSOLL & ROONEY PC
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219-4413
Tel: (412) 562-8800
Fax: (412) 562-1041
jason.camillo@bipc.com

*Attorneys for Plaintiff*
*Best Medical International, Inc.*