**EXHIBIT D**

# I. U.S. District Court
# District of Delaware (Wilmington)
# CIVIL DOCKET FOR CASE #: 1:18-cv-00850-MN-CJB

Satius Holding, Inc. v. Samsung Electronics Co., Ltd. et al
Assigned to: Judge Maryellen Noreika
Referred to: Judge Christopher J. Burke
Cause: 35:1 Patent Infringement

Date Filed: 06/05/2018
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

| | | |
|---|---|---|
| 08/08/2019 | 52 | ORAL ORDER: The Court, having reviewed the parties' discovery dispute motion relating to Defendants' request that Plaintiff be compelled to provide substantive, narrative responses to Defendants' Interrogatories Nos. 7, 8, 10, 11, 13 and 14, (the "Motion"), (D.I. 47 ), and the parties' letter briefs relating thereto, (D.I. 48; D.I. 50), and having heard argument on August 5, 2019, hereby ORDERS as follows with respect to Defendants' Motion: (1) With respect to Interrogatories Nos. 7 and 8, Defendants' Motion is GRANTED. By no later than August 22, 2019, Plaintiff shall provide Defendants with supplemental responses relating to its claims for damages based on the information currently available to it. (2) With respect to Interrogatory No. 10, Defendants' Motion is GRANTED. Plaintiff now has an understanding of the scope of this Interrogatory that is not redundant with Interrogatories 7 and 8 (i.e., that it is asking for a description of communications regarding how this lawsuit might be valued). By no later than August 22, 2019, Plaintiff shall provide Defendants with a supplemental response that identifies any responsive, non-privileged communications. (3) With respect to Interrogatory No. 11, Defendants' Motion is DENIED AS MOOT. Plaintiff has represented that it has not identified any responsive information to date. To the extent that Plaintiff identifies responsive information in the future, it shall provide a supplemental response (and to the extent such supplemental response relies on Fed. R. Civ. P. 33(d), Plaintiff shall identify with particularly the documents to which it refers, consistent with that Rule). (4) With respect to Interrogatory No. 13, Defendants' Motion is GRANTED, subject to the following clarification. By no later than September 9, 2019, Plaintiff shall provide a supplemental response that outlines its responsive positions to Defendants' Initial Invalidity Contentions. That response needs to provide a similar amount of detail in setting out Plaintiff's validity contentions as was provided by Defendants in their Initial Invalidity Contentions. This means, among other things, that Plaintiff will have to provide detailed responses to Defendants' 29 charts (only as to the assertion that the 29 references anticipate the claims), and provide detailed responses to Defendants' contentions regarding invalidity under 35 U.S.C. § 101 and |

| | | 35 U.S.C. § 112. However, because Defendants did not chart out (or otherwise articulate) in any specific way their proposed obviousness combinations, Plaintiff need not respond now as to why each of these numerous (i.e., "hundreds, if not thousands") of possible combinations fail to render the claims invalid. (D.I. 50 at 2-3) (5) With respect to Interrogatory No. 14, Defendants' Motion is DENIED. As Plaintiff has pointed out, Defendants' Initial Invalidity Contentions do not clearly set out the specific obviousness combinations that they intend to rely upon. (Id.) Once Defendants have identified their obviousness combinations with more specificity, Plaintiff shall subsequently provide a supplemental response to Interrogatory No. 14 that meaningfully articulates the objective indicia of nonobviousness that it intends to rely upon based on the information then available to it. Ordered by Judge Christopher J. Burke on 8/8/2019. (mlc) (Entered: 08/08/2019) |