# Buchanan Ingersoll & Rooney PC

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

919 North Market Street, Suite 990
Wilmington, DE  19801-3036
T 302 552 4200
F 302 552 4295

January 29, 2020

<u>VIA CM/ECF AND HAND DELIVERY</u>

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 North King Street, Unit 19, Room 4324
Wilmington, Delaware  19801

Re:  <u>*Best Medical International, Inc. v. Varian Medical Systems, Inc., et al.*, **18-cv-1599-MN**</u>

Dear Judge Noreika:

Best hereby submits this discovery dispute letter in response to Varian's letter dated January 28, 2020, D.I. 68, and in advance of the teleconference scheduled with the Court for February 3, 2020, at 10:00 AM.

### Contention Interrogatory on Invalidity

Varian seeks a response from Best on a contention interrogatory (Interrogatory No. 16) directed to identifying, for each of the "primary references or secondary references as claim-charted in Varian's Preliminary Invalidity Contentions," on an element-by-element basis, what elements of each claim Best contends do not fall within the reference. *See D.I. 68-3, Best's Supplemental Response*, at 4.  By the Scheduling Order (D.I. 29, ¶ 7(d)), Varian was required to produce to Best its Preliminary Invalidity Contentions.  While it did so on October 15, 2019, Varian failed to provide claim charts directed to any of the asserted combinations of references that make up its obviousness assertions.  For example, Varian asserts prior art invalidity of the "Asserted claims" of the '283 Patent and then lists multiple references and 52 combinations with the legend "[e]ach of the asserted claim [*sic*] is anticipated and/or obvious in light of the following prior art."[1]  *See Ex. A, Defendants' Preliminary Invalidity Contentions, pp. 14-16.*  In total, Varian lists, but does not provide claim charts that combine, 244 possible combinations.  Best is left to guess from the Preliminary Invalidity Contentions precisely what combinations are being made and why.  Because the burden on invalidity is Varian's, the deficiency in the Invalidity Contentions will necessarily have an impact on any response to Interrogatory No. 16.

While Best understands that it is the Court's preference as stated in the Scheduling Order (D.I. 29, ¶ 8(d)(ii) that the parties are encouraged "to serve and respond to contention interrogatories early in the

---

[1] In the list for the '283 Patent, a single reference is listed without a combination (Morrill 1991 Art. 2), but as with all of the references and combinations, Varian does not state what claims it is being asserted against and whether it is a § 102 or § 103 reference.

The Honorable Maryellen Noreika
January 29, 2020

case," the Court also noted that "interrogatory answers shall be judged by the level of detail each party provides." Varian has cited to the Oral Order in the *Satius Holding, Inc.* case as support for requiring Best to provide a further response. However, that case points out that where, as here, the defendant did not lay out its obviousness contentions, the patent owner need not further respond. *See Satius Holdings, Inc. v. Samsung Elecs. Co., Ltd.,* 1:18-cv-00850-MN-CJB (D. Del. June 5, 2018) ("With respect to Interrogatory No. 14, Defendant's Motion is DENIED. As Plaintiff has pointed out, Defendant's Initial Invalidity Contentions do not clearly set out the specific obviousness combinations that they intend to rely upon."). To the extent that Varian undertakes the effort to provide obviousness contentions and claim charts for its invalidity positions, Best will respond as the Court deems necessary.

Varian's Interrogatory No. 16 is designed more as a form of make-work for Best than a real effort at discovery. The way it is structured, it contains multiple sub-parts – effectively asking a separate question for each of a series of unidentified combinations that may never be relevant to this case. Varian has cited at least 76 references, *see Ex. A, App. A.*, and asked Best to construct possible invalidity scenarios and explain why those scenarios do not work. Yet Varian argues that Best should guess what the combinations are and respond. This is purely an effort at harassment.

Best has been extremely clear – when Varian settles on a reasonable number of specifically-identified prior art invalidity attacks, Best will respond. Furthermore, Best stated clearly that it would respond to all of the remaining prior art invalidity attacks when Varian has finalized its infringement contentions through its expert reports. In many ways, this is the flip of the argument that Varian brought before the Court regarding the number of claims to assert. At the time, we told Varian and the Court that Best would reduce its claims as it moves forward in the litigation. Best did just that, reducing the number of asserted claims against Varian from 80 (on August 19, 2019) to 37 (on August 30, 2019), to 22 (on November 19, 2019). Varian should be required to do the same as to its invalidity contentions.

### Best is Responding to Asserted Combinations – And Varian has and will have Those

Perhaps more important to the argument is the current state of the cases between the Parties. Simultaneous with the service of Interrogatory No. 16, on October 18, 2019, Varian attempted to file six IPR Petitions (albeit at least one of the filings appears fatally flawed).[2] The six IPRs attack all of the Asserted Claims of each of the Asserted Patents. Best filed, and is in the process of filing, its Patent Owner's Preliminary Statements, each of which will preliminarily address the attacks that Varian raised with the PTAB. As would be expected, Varian chose its invalidity positions with respect to prior art. While weak, those positions may result in institution of one or more PTAB trial(s) and, if so, possibly one or more final written decision(s) that will preclude Varian from relying on at least the references cited in Varian's Invalidity Contentions.

The disconnect between the assertions in the Invalidity Contentions and the much smaller universe of prior art invalidity attacks in the IPRs is emblematic of the dispute. By February 7, 2020, Varian will obtain Best's preliminary assessments of the prior art invalidity attacks it leveled against all the Best patents in the pending Varian IPRs.[3] Indeed, by February 12, 2020, Varian will also be privy to Best's preliminary

---

[2] IPR2020-00053, IPR2020-00071, IPR2020-00072, IPR2020-00075, IPR2020-00076, and IPR2020-00077. Best's position is that the 00075 IPR directed at the '283 Patent was **not** filed.

[3] No filing date has been provided by the PTAB for IPR2020-00075.

The Honorable Maryellen Noreika
January 29, 2020

responses to four IPR Petitions filed by Elekta, Inc., the defendant in the linked case that is now pending in the Northern District of Georgia.[4]  Elekta, like Varian, filed petitions against each of the Asserted Claims of each of the Asserted Patents.  Thus, Varian will get Best's responses on the 20 grounds it has offered to the PTAB covering 13 references in particularly specified combinations.  *See D.I. 68-3, at 6-7*.  Varian will also get Best's responses on the 18 grounds Elekta has offered to the PTAB covering 15 references in specified combinations.  *Id.*

　　　　Thus, Varian will have a much better understanding of Best's preliminary positions on what are believed to be Varian's chief invalidity arguments by mid-February 2020, months before the final invalidity contentions are due.  In any event, Best should not be required to further respond to Varian's Interrogatory No. 16 because Varian's chief invalidity arguments are already before the PTAB and will be the subject of Best's Patent Owner's Preliminary Responses, which effectively provides Varian the response it seeks.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Geoffrey G. Grivner*

　　　　　　　　　　　　　　　　　　　Geoffrey G. Grivner (#4711)

GGG
0098362-0000001
cc:　　Clerk of the Court
　　　　All Counsel of Record (via CM/ECF and e-mail)

---

[4] Elekta filed Petitions starting proceedings designated IPR2020-00067, IPR2020-00070, IPR2020-00073, and IPR2020-00074.