IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1599-MN |
| | ) |
| VARIAN MEDICAL SYSTEMS, INC., and | ) |
| VARIAN MEDICAL SYSTEMS | ) |
| INTERNATIONAL AG, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS VARIAN MEDICAL SYSTEMS, INC., AND
VARIAN MEDICAL SYSTEMS INTERNATIONAL AG'S OPENING BRIEF
IN SUPPORT OF THEIR MOTION TO STAY PENDING *INTER PARTES* REVIEW**

OF COUNSEL:
Leo L. Lam
Ryan K. Wong
Justina K. Sessions
Julia L. Allen
José L. Martinez
Kristen Lovin
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Joseph A. Greco
BECK, BISMONTE & FINLEY, LLP
101 Metro Drive, Suite 660
San Jose, CA 95110
(408) 938-7900
jgreco@beckllp.com

John W. Shaw (No. 3362)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendants*

Dated: May 6, 2020

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. NATURE AND STAGE OF PROCEEDINGS ....................................................................2

III. SUMMARY OF ARGUMENT .............................................................................................3

IV. STATEMENT OF FACTS ....................................................................................................4

V. LEGAL STANDARD.............................................................................................................4

VI. ARGUMENT..........................................................................................................................5

    A. A stay will simplify the issues before this Court ............................................................5

    B. The status of the instant action weights in favor of a stay .............................................9

    C. A stay would not cause BMI to suffer under prejudice or give Varian a tactical advantage ........................................................................................................................11

VII. CONCLUSION....................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                         **Page**

*AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN,
  2019 WL 2327654 (D. Del. May 31, 2019) .................................................................... *passim*

*AIP Acquisition LLC v. Level 3 Commc'ns, LLC*, C.A. No. 12-1688-GMS,
  2014 WL 12642000 (D. Del. Jan. 9, 2014) ............................................................................. 6

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR,
  2010 WL 3522327 (D. Del. Sept. 2, 2010) ........................................................................... 13

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. No. 12-1107-GMS,
  2014 WL 1369721 (D. Del. Apr. 7, 2014) ............................................................................ 12

*Celorio v. On Demand Books LLC*, C.A. No. 12-821-GMS,
  2013 WL 4506411 (D. Del. Aug. 21, 2013) ........................................................................... 6

*Contour IP Holding, LLC v. GoPro, Inc.*, C.A. No. 15-1108-LPS-CJB,
  2016 WL 4474340 (D. Del. July 14, 2016) ............................................................................ 9

*Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051-EJD,
  2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) ...................................................................... 10

*Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS,
  2019 WL 1276029 (D. Del. Mar. 20, 2019) ....................................................................... 4, 9

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) .............................................................................................. 4

*Ever Win Int'l Corp. v. Radioshack Corp.*,
  902 F. Supp. 2d 503 (D. Del. 2012) ................................................................................. 6, 11

*Gioello Enters. Ltd. v. Mattel, Inc.*, C.A. No. 99-375-GMS,
  2001 WL 125340 (D. Del. Jan. 29, 2001) .............................................................................. 5

*IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB,
  2019 WL 3943058 (D. Del. Aug. 21, 2019) .................................................................. *passim*

*Neste Oil Oyj v. Dynamic Fuels, LLC*, C.A. No. 12-662-GMS,
  2013 WL 3353984 (D. Del. July 2, 2013) ...................................................................... 12, 13

*Pegasus Dev. Corp. v. Directv, Inc.*, C.A. No. 00-1020-GMS,
  2003 WL 21105073 (D. Del. May 14, 2003) ....................................................................... 11

*PersonalWeb Techs., LLC v. Apple Inc.*,
  69 F. Supp. 3d 1022 (N.D. Cal. 2014) .................................................................................. 6

*Personalweb Techs., LLC v. Google Inc.*, No. 5:13-CV-01317-EJD,
  2014 WL 4100743 (N.D. Cal. Aug. 20, 2014) ...................................................................... 9

*PowerOasis, Inc. v. T-Mobile USA, Inc.*,
  522 F.3d 1299 (Fed. Cir. 2008) ............................................................................................. 9

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
  C.A. No. 12-1461-LPS-CJB,
  2014 WL 3819458 (D. Del. Jan. 15, 2014) ........................................................................ 6, 7

*Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, No. C 08-0930 PJH,
  2008 WL 3833576 (N.D. Cal. Aug. 15, 2008) ...................................................................... 9

*Service Sols. U.S., L.C.C. v. Autel.US Inc.*, No. 13-10534,
  2015 WL 401009 (E.D. Mich. Jan. 28, 2015) ....................................................................... 7

*SMT Sols., Inc. v. ExpoEvent Supply LLC*, C.A. No. 11-6225 (ES) (CLW),
  2012 WL 3526830 (D.N.J. Aug. 15, 2012) ........................................................................... 8

**Statutes**

35 U.S.C. § 314(a) ........................................................................................................................ 7

35 U.S.C. § 315(b) ...................................................................................................................... 11

35 U.S.C. § 315(e)(2) .................................................................................................................... 6

**Regulations**

37 C.F.R. § 42.100(c) ................................................................................................................. 12

**I.      INTRODUCTION**

Varian brings this motion to stay pending *inter partes* review ("IPR") to simplify the issues before this Court.  The Court should exercise its broad discretion and stay this action until the final disposition of the currently pending IPR proceedings, including the completion of any appeals.

BMI accuses Varian of infringing four patents-in-suit: U.S. Patent Nos. 6,038,283 ("the '283 patent"), 6,393,096 ("the '096 patent"), 7,266,175 ("the '175 patent"), and 7,015,490 ("the '490 patent").  Last October, Varian filed IPR petitions challenging claims of all four patents.  Beginning in April 2020, the Patent Trial and Appeal Board ("PTAB") instituted IPR proceedings as to half of the patents-in-suit—the '096 and '490 patents.  Staying this matter so the PTAB can determine whether these patents are invalid will narrow the issues in this action.  It will also provide this Court with the benefit of the PTAB's judgment and expertise and conserve judicial and party resources.

Although the PTAB denied institution as to the '283 patent on procedural grounds, the '283 patent is in most respects similar, if not identical, to the '096 patent, such that the PTAB's analysis of the '096 patent will be useful to this Court even as to the '283 patent.  In fact, in reexamination proceedings separate from IPRs, the Patent Office is considering whether numerous claims of the '096 patent should be invalid for "double patenting" compared to claims of the '283 patent.  Likewise, while the PTAB has denied institution as to the '175 patent— which covers only three asserted claims in this action—the '175 patent likewise materially overlaps with the '096 patent, as the former incorporates the latter by reference.

Because a stay will simplify the issues before this Court—and because a stay would not unduly prejudice BMI or provide Varian with a tactical advantage—the Court should grant

1

Varian's motion to stay this action in its entirety pending completion of IPR proceedings.

## II.     NATURE AND STAGE OF PROCEEDINGS

In October 2018, BMI filed this suit accusing Varian of direct, indirect, and willful infringement of the four patents-in-suit by providing radiotherapy products and services for treating cancer.  D.I. 1.  In October 2019, Varian filed IPR petitions challenging claims in all of the patents-in-suit as summarized by the chart below:

| Patent | Asserted Claims | Claims Challenged in IPR | Institution Status |
| --- | --- | --- | --- |
| '175 patent | 13, 15, 19 | 1, 3–5, 8–9, 13–16, 18–19 | Denied |
| '490 patent | 4, 17, 18 | 1, 4, 17–19 | Granted |
| '096 patent | 18, 21, 23, 31, 33, 44, 46 | 1, 18, 43, 44, 46 | Granted |
| '283 patent | 6, 7, 12, 24, 25, 27, 28, 42, 46 | 1, 6, 10, 22–24 | Denied on procedural grounds[1] |

*See* Declaration of José L. Martinez ("Martinez Decl."), Exs. A–C (granting institution as to '490 and '096 patents); Exs. D–F (denying institution as to '283 and '175 patents).  Additionally, the Patent Office is reexamining claims 1, 3–8, 18, 21–24, and 37–42 of the '096 patent for double patenting compared to claims 1, 3, 6, 8, 14–17, 40, 41, 44, 45, 46, and 47 of the '283 patent.  *Id.*, Ex. G at 7–14.  With the reexamination and Varian's instituted IPR proceedings, all but two of the asserted '096 claims are presently subject to review by the Patent Office.

---

[1] The PTAB deemed Varian's IPR petition for the '283 patent untimely filed because Varian inadvertently filed a duplicate Power of Attorney instead of its petition brief.  After discovering its inadvertent misfiling, Varian filed a motion to correct the error, but the PTAB denied Varian's motion on May 1, 2020.  Martinez Decl. ¶ 9 & Ex. F at 3.

The *Markman* hearing is scheduled to take place on June 26, 2020, as is the hearing on Varian's motion to dismiss the amended complaint. D.I. 71. Consequently, Varian has not yet answered the amended complaint.

On May 6, 2020, Varian met and conferred with BMI pursuant to Local Rule 7.1.1 in an attempt to reach an agreement to stay the case pending IPR proceedings. Martinez Decl. ¶ 11. BMI declined to stipulate to a stay. *Id.* Varian filed this motion the same day.

### III. SUMMARY OF ARGUMENT

This Court should stay this action pending resolution of IPR proceedings for three reasons.

First, a stay would promote efficiency and judicial economy by simplifying the issues this Court will be required to address, regardless of whether the PTAB invalidates or sustains the challenged claims. If the PTAB does invalidate the challenged claims of the '490 and '096 patents-in-suit—which is reasonably likely as evidenced by the institution decisions—that will reduce the number of asserted claims in this action. Moreover, the PTAB's analysis regarding the '096 patent-in-suit will be instructive even as to the non-instituted '283 and '175 patents-in-suit, given the overlap between the '096 patent and those other patents. Even if the PTAB sustains the challenged claims, a stay will still simplify the issues in the instant action by narrowing Varian's prior art-based invalidity defenses via IPR estoppel and by providing the Court with the benefit of the PTAB's expert analysis.

Second, the current stage of this case favors a stay. In addition to the hearing on claim construction and Varian's motion to dismiss BMI's amended complaint (currently scheduled for June 26, 2020), the most significant and intensive stages of the case—including all ESI collection, all depositions, the completion of fact discovery, all expert discovery, and trial—lie in the future. Indeed, the Court just continued the parties' fact discovery deadline by six months

3

and their trial date by eight months. The case is accordingly at an efficient pause-point, particularly since a stay will simplify the issues to be litigated when this action resumes.

Third, a stay would neither cause BMI any undue prejudice nor give Varian a tactical advantage. There is no evidence of dilatory motive: Varian filed all of its IPR petitions within the statutory period (except the inadvertently misfiled '283 petition), and now files this motion to stay promptly upon receiving the institution decisions. Nor does mere possibility of delay to these proceedings, on its own, establish undue prejudice to BMI. Finally, the business relationship between Varian and BMI does not undermine Varian's stay request, as there is no evidence that BMI is at risk of suffering outsized business consequences from staying the case.

## IV. STATEMENT OF FACTS

Varian presents facts relevant to each claim in the argument subsections below.

## V. LEGAL STANDARD

District courts have inherent authority to stay patent litigation in district court pending IPR proceedings. *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). Courts in this district typically weigh three factors in determining whether such a stay should issue: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN, 2019 WL 2327654, at *1 (D. Del. May 31, 2019). Courts in this district have also consistently recognized a "liberal policy" in favor of stays pending instituted IPR proceedings. *See, e.g.*, *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058,

4

at *4 (D. Del. Aug. 21, 2019) (citing cases).[2]

## VI. ARGUMENT

All three factors described in *AgroFresh* favor this Court's exercising its inherent authority to stay this action in its entirety pending IPR proceedings.

### A. A stay will simplify the issues before this Court.

"The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *IOENGINE*, 2019 WL 394058, at *8. A stay pending IPR proceedings can help "reduce or at least clarify issues the Court would otherwise address, including in connection with dispositive motions and trial." *AgroFresh*, 2019 WL 2327654, at *2. In granting a stay pending reexamination, Judge Sleet illustrated the ways in which proceedings before the PTO can reduce the issues in a related district court action:

> Numerous courts have cited a number of advantages of granting a stay pending PTO reexamination: (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Gioello Enters. Ltd. v. Mattel, Inc.*, C.A. No. 99-375-GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001).

The simplification benefits of a stay do not depend on the outcome of IPR proceedings. That is, the PTAB will clarify certain issues before the district court regardless of whether it invalidates or sustains the challenged patent claims. *See Ever Win Int'l Corp. v. Radioshack*

---

[2] In the quoted excerpts throughout Varian's brief, all internal citations, quotation marks, and brackets have been omitted, and all emphases have been added, unless otherwise noted.

5

*Corp.*, 902 F. Supp. 2d 503, 505–06 (D. Del. 2012) (granting stay pending reexam). Of course, this Court would not have to expend additional resources adjudicating any claim that the PTAB invalidates. But even a decision by the PTAB to sustain any claim will simplify issues, because the scope of Varian's prior art-based invalidity defenses will be narrowed by IPR estoppel. *See* 35 U.S.C. § 315(e)(2); *AIP Acquisition LLC v. Level 3 Commc'ns, LLC*, C.A. No. 12-1688-GMS, 2014 WL 12642000, at *2 (D. Del. Jan. 9, 2014). In all cases, this Court obtains the benefit of "the expert analysis the [PTAB] conducts, thus further simplifying the issues before the court." *Celorio v. On Demand Books LLC*, C.A. No. 12-821-GMS, 2013 WL 4506411, at *1 n.1 (D. Del. Aug. 21, 2013) (granting stay pending reexamination).

Nor does the PTAB's review of some but not all asserted claims undermine the value of a stay. The PTAB's findings as to a subset of the asserted claims would still "reduce the number of issues left to be litigated." *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014); *see also AgroFresh*, 2019 WL 2327654 at *2 ("And although the Court understands that the simplification applies only to one part of the case, it is not an insubstantial part and substantial simplification is almost certain."). The simplification analysis does not require that a majority of the claims asserted in district court be pending before the Patent Office. *See, e.g.*, *ACQUIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 357 (D. Mass. 2015) (staying case where PTAB institution decisions covered two of 11 patents-in-suit and 14 percent of asserted claims); *IOENGINE*, 2019 WL 3943058, at *8 (granting stay where instituted IPR proceedings addressed one of three patents-in-suit and 25 percent of asserted claims); *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027 (N.D. Cal. 2014) (granting stay where the PTAB instituted review of 44 percent of claims at issue). More important is "the degree of overlap between the instant litigation and the IPR

proceeding." *See Princeton Digital*, 2014 WL 3819458, at *3.

In this case, the potential for simplification of the issues is substantial. The PTAB's institution decisions for the '096 and '490 patents are based on a "reasonable likelihood that [Varian will] prevail with respect to at least 1 of the claims challenged" in each of those petitions. *See* 35 U.S.C. § 314(a). If the PTAB invalidates all of the claims challenged in the '096 and '490 petitions, that will eliminate six of 22 asserted claims from this action—a "not insubstantial" (*i.e.*, 27-percent) reduction of the asserted claims this Court will be required to consider.[3] *See AgroFresh*, 2019 WL 2327654, at *2.

As to the '283 patent, although the PTAB denied Varian's IPR petition on procedural grounds, given the significant overlap between the '096 and '283 patents, the instituted IPR proceedings for the '096 patent will also simplify the district court proceedings with respect to the '283 patent. *See ACQUIS*, 109 F. Supp. 3d at 357–58. In *ACQUIS*, the court agreed that IPR proceedings were "likely to simplify the issues in [the] case, regardless of the specific outcomes of the IPRs," even though the PTAB had instituted review of only two of the 11 patents-in-suit, which covered just three of 22 asserted claims. *Id.* at 358. The court noted that although the patents-in-suit came "from three patent families," there was a "similarity of inventive disclosure in the patents, which all share[d] similar specifications," with all of the asserted claims further "shar[ing] the same key inventive aspect." *See id.* at 357; *see also Service Sols. U.S., L.C.C. v. Autel.US Inc.*, No. 13-10534, 2015 WL 401009, at *2 (E.D. Mich. Jan. 28, 2015) (staying case where PTAB instituted review of one of the seven patents-in-suit, noting defendants' argument

---

[3] Additionally, if the Patent Office agrees with Varian that the '096 claims being reexamined are invalid for double patenting compared to the '283 claims, that would eliminate two more asserted claims from this action ('096 claims 21 and 23), meaning the current proceedings before the Patent Office could eliminate 36 percent of the asserted claims in this action.

7

that "this patent [was] the most significant of the seven patents").

Here, both the '096 and '283 patents are directed to the use of a computer-implemented "simulated annealing radiotherapy planning" algorithm to optimize a radiation-beam arrangement. *See, e.g.*, '283 at 3:17–29, 8:61–67, 9:45–48, 12:30–47; '096 at 3:17–29, 5:3–9, 5:50–53, 8:37–59. The two patents' claims are thus similar—indeed, the Patent Office is currently reexamining certain '096 claims for double patenting compared to the '283 claims. *See* Martinez Decl., Ex. G at 7–14. Moreover, significant portions of the disclosures in the respective specifications and figures are nearly identical between the '096 and '283 patents. *Compare* '096 Fig. 1 *with* '283 Fig. 1; '096 Fig. 2 *with* '283 Fig. 2; '096 Fig. 5 *with* '283 Figs. 5A–5B; '096 Fig. 6A–6B *with* '283 Fig. 6A–6B; '096 at 1:09–4:09 *with* '283 at 1:09–4:10; '096 at 4:30–67 *with* '283 at 8:30–57; '096 at 5:1–8:59 *with* '283 at 8:60–12:47; '096 at 13:9–35 *with* '283 at 13:54–14:10; '096 at 15:30–16:37 *with* '283 at 15:47–16:25.[4] For all of these reasons, the parties agreed that the disputed claim terms in the '096 and '283 patents should be construed the same way, notwithstanding that the patents are not in the same prosecution chain. *See* D.I. 85 (Joint Claim Construction Brief) at 20. In sum, there is significant overlap between the '096 and '283 patents, given the "similarity of inventive disclosure in the patents." *ACQUIS*, 109 F. Supp. 3d at 357; *see also IOENGINE*, 2019 WL 3943058, at *9 (patents "share[d] a common specification" and "claim terms relevant to claim construction"); *SMT Sols., Inc. v. ExpoEvent Supply LLC*, C.A. No. 11-6225 (ES) (CLW), 2012 WL 3526830, at *4 (D.N.J. Aug. 15, 2012) (patents-in-suit "substantially overlap" and "share nearly identical disclosures" with those before the PTO); *Contour IP Holding, LLC v. GoPro, Inc.*, C.A. No. 15-1108-LPS-CJB, 2016 WL

---

[4] Correspondingly, the '096 and '283 patents share the same title ("Planning Method and Apparatus for Radiation Dosimetry") and common co-inventors (Carol, Curran, and Nash).

8

4474340, at *3 (D. Del. July 14, 2016) (asserted claims "contain[ed] terms identical or similar to terms found in claims instituted for review"); *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, No. C 08-0930 PJH, 2008 WL 3833576, at *1 (N.D. Cal. Aug. 15, 2008) (patent-in-suit "contain[ed] specification and claim language that [was] substantially similar" to patent before the PTAB).[5]

Last, although the PTAB has not instituted IPR based on Varian's IPR petitions challenging the '175 (and fourth) patent-in-suit, the PTAB's analysis of the '096 patent may still simplify issues relating to the '175 patent as well, as both patents are directed to optimizing radiotherapy beam arrangements. Indeed, the '175 patent incorporates the '096 patent by reference in its entirety. '175 at 4:27–32.

Accordingly, the Court should find that the simplification factor weighs in favor of a stay.

### B. The status of the instant action weighs in favor of a stay.

The stay inquiry next looks to the "the progress already made in the case." *Personalweb Techs., LLC v. Google Inc.*, No. 5:13-CV-01317-EJD, 2014 WL 4100743, at *4 (N.D. Cal. Aug. 20, 2014). More specifically, courts in this district look to "whether discovery is complete and a trial date has been set." *AgroFresh*, 2019 WL 2327654, at *1; *see also Ethicon*, 2019 WL 1276029, at *1 (same). Less important than the "age" of a case is whether the case has "reached the 'point of no return' for which a stay would [be] inappropriate due to a progressed procedural posture." *Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051-EJD, 2012

---

[5] Although the '096 and '283 patents are not technically in the same prosecution family, given their overlapping disclosures and subject matter, similar claims, and common inventorship, the later '096 patent functionally resembles a "continuation-in-part" of the earlier '283 patent. *See PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1304 n.3 (Fed. Cir. 2008) (describing "continuation-in-part" as "containing a portion or all of the disclosure of an earlier application together with added matter not present in that earlier application").

9

WL 1232187, at *4 (N.D. Cal. Apr. 12, 2012). Even then, this factor is accorded less weight when it is likely "that the issues involved in summary judgment and . . . trial will be simplified by a stay." *AgroFresh*, 2019 WL 2327654, at *2.

Here, Varian has not yet answered the amended complaint. Discovery is far from complete and the Court just continued the trial date eight months to April 2020. D.I. 97 at 2. Indeed, far from the so-called "point of no return," the instant litigation is at the same efficient pause-point as the action in *IOENGINE*, where the court granted a stay of two cases. There, the parties had completed claim construction briefing and fact discovery was ongoing. *IOENGINE*, 2019 WL 3943058, at *4. They had also already produced more than 100,000 pages of documents, conducted more than 110 hours of source code review, served and responded to hundreds of written discovery requests, and served multiple third-party subpoenas. *Id.* But, while noting the case's "significant progress," the court also noted that "the most burdensome stages of the cases—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *Id.* at *5.

At least the same stages of this case still lie in the future. Both claim construction and Varian's Rule 12(b)(6) motion to dismiss the indirect and willful infringement claims in BMI's amended complaint are currently scheduled to be heard on June 26, 2020. At the parties' request, the Court just extended the cutoff for fact discovery to February 12, 2021. D.I. 97 at 2. The parties have just begun meeting and conferring regarding ESI custodians, no depositions have been taken, and BMI has yet to provide substantive responses to most of Varian's contention interrogatories. Indeed, all depositions, all ESI discovery, and all expert discovery still "lie in the future." *See IOENGINE*, 2019 WL 3943058, at *5.

Accordingly, the Court should find that the status of these proceedings weighs in favor of granting a stay, particularly since Varian has established that a stay is likely to simplify these proceedings.

### C. A stay would not cause BMI to suffer undue prejudice or give Varian a tactical advantage.

"In considering whether a stay will be prejudicial to [BMI] or give [Varian] a clear tactical advantage, the Court considers four factors: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *AgroFresh*, 2019 WL 2327654, at *2. All four factors favor a finding that a stay will neither cause BMI undue prejudice nor give Varian a clear tactical advantage.

First, "the facts do not suggest a dilatory motive behind the timing of the petition[s]." *IOENGINE*, 2019 WL 3943058, at *6. Varian filed all of its IPR petitions (but inadvertently misfiled its '283 petition) within the statutory period required by 35 U.S.C. § 315(b). Given that BMI "affirmatively invoked the rights of the patent statute[, it] can hardly be heard now to complain of the rights afforded others [*i.e.*, Varian] by that same statutory framework." *Pegasus Dev. Corp. v. Directv, Inc.*, C.A. No. 00-1020-GMS, 2003 WL 21105073, at *2 (D. Del. May 14, 2003).

Second, Varian acted with "reasonable dispatch" in filing this motion to stay. *See AgroFresh*, 2019 WL 2327654, at *2. Varian filed this motion less than one week after the PTAB's granting institution of the '096 petitions on May 1, 2020 and less than two weeks after the PTAB granted institution of the '490 petition on April 24, 2020. Varian's timing is thus consistent with (or much faster than) other cases where the court has found the timing of a stay request appropriate. *See, e.g.*, *Ever Win Int'l*, 902 F. Supp. 2d at 508 (motion to stay filed nearly

11

seven months after plaintiff's request for reexam); *AgroFresh*, 2019 WL 2327654, at *2 (more than five weeks after PTAB's institution decision); *Neste Oil Oyj v. Dynamic Fuels, LLC*, C.A. No. 12-662-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) (five days); *IOENGINE*, 2019 WL 3943058, at *6 (three days).

Third, the status of the review proceedings weighs in favor of granting a stay. The PTAB is generally required to complete IPR proceedings within one year of institution. 37 C.F.R. § 42.100(c). The PTAB will therefore likely have issued final written decisions on Varian's '490 petition by April 26, 2021 and the '096 petitions by May 3, 2021. But while "the IPRs are not at an advanced stage," *IOENGINE*, 2019 WL 3943058, at *6, the "mere possibility of a delay in litigation due to a stay pending [IPR proceedings] is in itself insufficient to establish *undue* prejudice," see *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. No. 12-1107-GMS, 2014 WL 1369721, at *4 (D. Del. Apr. 7, 2014) (granting stay pending reexam) (emphasis in original).

More important is the "prospect that contemporaneous IPR decisions will have a significant effect on the issues presented in the litigation." *See IOENGINE*, 2019 WL 3943058, at *6. Here, the PTAB is presently scheduled to issue final written decisions *during* expert discovery. D.I. 97 at 2 (initial, rebuttal, and reply expert disclosures currently due on April 7, May 12, and June 9, 2021, respectively). Thus, any outcome has the potential to moot the parties' expert discovery efforts, which by that point will be substantial: the PTAB's invalidation of any asserted claims would remove them from the case (and eliminate any need for expert discovery as to those claims), while the PTAB's sustaining of any claims would drastically change the scope of prior art available to Varian for its invalidity defense. In either case, the PTAB will likely moot much of the work the parties' experts will have done by that point. The

12

stage of the IPR proceedings thus "counsels in favor of a stay." *IOENGINE*, 2019 WL 3943058, at *6.

Last, the business relationship between Varian and BMI does not cut against Varian's motion for a stay. "Some courts are reluctant to stay proceedings where the parties are direct competitors." *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *3 (D. Del. Sept. 2, 2010). But "where the question of 'direct competition' remains unanswered, courts have sometimes considered whether the plaintiff sought a preliminary injunction," which decision "may suggest that the parties, in fact, do compete and that real prejudice will flow from the imposition of a stay." *Neste Oil*, 2013 WL 3353984, at *4; *see also Belden Techs.*, 2010 WL 3522327, at *3 (finding that this factor favored a stay where the plaintiff had not sought a preliminary injunction).

BMI has not moved for a preliminary injunction, and the record does not support any suggestion that "real prejudice will flow from the imposition of a stay." *See Neste Oil*, 2013 WL 3353984, at *4. Indeed, the '283 patent-in-suit expired in October 2017—a full year before BMI filed this lawsuit—and the '096 patent-in-suit expired in May 2019. BMI thus has *no* claim to injunctive relief on either of those patents, which account for 16 of the 22 asserted claims in this action. Thus, for a large majority of the asserted claims, BMI's "damages, if any, are monetary and can be accommodated by the award of interest if it ultimately prevails." *See AgroFresh*, 2019 WL 2327654, at *3. In a similar vein, BMI has produced no discovery to date suggesting that it is presently active in the U.S. market for external beam radiation therapy—let alone that it is Varian's direct competitor—and recently admitted in discovery responses that it does not practice all of the patents-in-suit as it asserts in the amended complaint. This is therefore not a

13

case where "delay in adjudicating the alleged infringement will have outsized consequences . . . including the potential for loss of market share and an erosion of goodwill." *Id.*

Accordingly, the Court should find that a stay will neither cause BMI undue prejudice nor give Varian a clear tactical advantage.

## VII. CONCLUSION

For the foregoing reasons, the Court should grant Varian's motion and stay this action in its entirely pending the completion of IPR proceedings, including the completion of any appeals.

                        Respectfully submitted,

                        */s/ David M. Fry*
                        John W. Shaw (No. 3362)
                        David M. Fry (No. 5486)
                        Nathan R. Hoeschen (No. 6232)
                        SHAW KELLER LLP
                        I.M. Pei Building
                        1105 North Market Street, 12th Floor

OF COUNSEL:              Wilmington, DE 19801
Leo L. Lam                  (302) 298-0700
Ryan K. Wong              jshaw@shawkeller.com
Justina K. Sessions         dfry@shawkeller.com
Julia Allen                  nhoeschen@shawkeller.com
José L. Martinez           *Attorneys for Defendants*
Kristen Lovin
KEKER VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
(415) 391-5400

Joseph A. Greco
BECK, BISMONTE & FINLEY, LLP
101 Metro Drive, Suite 660
San Jose, CA 95110
(408) 938-7900


Dated: May 6, 2020

14