

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Anne Shea Gaza**
P 302.571.6727
agaza@ycst.com

January 6, 2021

**VIA CM/ECF**

The Honorable Sherry R. Fallon
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE  19801

      Re:    *Best Medical International, Inc. v. Varian Medical Systems, Inc., et al.*,
             C.A. No. 18-1599-MN-SRF

Dear Magistrate Judge Fallon:

      Pursuant to the Court's November 30, 2020 Order, Plaintiff Best Medical International, Inc. ("Best") hereby moves to compel Defendants Varian Medical Systems, Inc. and Varian Medical Systems International, A.G. (collectively, "Varian") to produce documents related to a recently announced acquisition of Varian by Siemens Healthineer, Inc.  On August 2, 2020, Varian announced that it has entered into a definitive agreement to combine with Siemens Healthineer in an all-cash transaction valued at $16.4 billion.  (Exhibit A.)  Shortly following the announcement, Best served a Fifth Set of Requests for Production, RFP Nos. 150-153, seeking documents related to the acquisition.  (Exhibit B.)  Documents related to the acquisition are directly relevant to the claims and defenses in this lawsuit, including, without limitation, damages owed to Best, valuation of the Asserted Patents, and Varian's continued willful infringement of the Asserted Patents.  On October 5, 2020, Varian responded to Best's requests for production with boilerplate objections.  As to RFP Nos. 150-151, it refused to produce any additional documents.  (Exhibit C.)  As to RFP Nos. 152-153, Varian advised that it would limit its search for responsive documents to six custodians (*see* Exhibit E) who may not have been involved the acquisition, and thus appear to have no responsive documents.  The parties met and conferred to no avail, but narrowed the issues in dispute to three objections:  (1) relevance; (2) cumulativeness; and (3) with respect to RFP Nos. 152 and 153, that the requests sought documents outside the scope of the "Stipulation Regarding Discovery, including Discovery of Electronically Stored Information ("ESI")" ("ESI Stipulation").  (Exhibits E and F.)  As discussed below, none of Varian's objections have any merit.  The Court should grant Best's motion and order production of documents responsive to Best's Fifth Set of Requests of Production, Nos. 150-153.

      **Background.**  Best filed a Complaint on October 18, 2018 (D.I. 1) and an Amended Complaint on September 9, 2019 (D.I. 42) alleging infringement of U.S. Patent Nos. 6,038,283,

Young Conaway Stargatt & Taylor, LLP
The Honorable Sherry R. Fallon
January 6, 2021
Page 2

6,393,096, 7,266,175, and 7,015,490 (the "'283", "'096", "'175", and "'490" patents, respectively and collectively the "Asserted Patents"). The Court entered a Scheduling Order on July 15, 2019 (D.I. 29) that has since been amended several times with the most recent amendment entered on November 23, 2020 (D.I. 170). Over 15 months after the commencement of this lawsuit, the parties finalized a "Stipulation Regarding Discovery, including Discovery of Electronically Stored Information ("ESI")" on January 24, 2020. (Exhibit F.) The parties have produced tens of thousands of pages of documents, exchanged infringement and invalidity contentions, and responded to numerous interrogatories, requests for admissions, and requests for production. Document production substantially completes on January 14, 2021 and fact discovery closes on March 12, 2021. (*See* D.I. 170.)

>    **Legal Standard.**  Federal Rule of Civil Procedure 26(a)(1) provides that:
>
>    Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 is liberally construed in favor of disclosure because "relevance is a broader inquiry at the discovery stage than at the trial stage." *See Duncan v. Black,* C.A. No. 2:15-1347, 2018 WL 317957, at *2 (W.D. Pa. Jan. 8, 2018) (*citing Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981)); *AgroFresh, Inc. v. Essentiv LLC, et al.,* C.A. No. 16-66-MN-SRF, 2018 WL 9578196 *2 (D. Del. Dec. 11, 2018).

   **Varian's Acquisition Documents Are Relevant and Not Cumulative.**  Varian's relevance objection is applicable to RFP Nos. 150 and 151. (Exhibits D and E.) Importantly, Varian concedes that the requests do seek relevant documents, but argues that the requests are overly broad and would include documents related to business units and/or products that are not at issue in this lawsuit. (Exhibit D.) While Best believes that all of the documents related to the acquisition are relevant for at least the reason that they are necessary to calculate the relative value of the $16.4 billion purchase price attributable to the business unit and/or products at issue in this lawsuit – which is relevant, at a minimum, to damages – in an effort to compromise, during the meet and confer Best offered to limit RFP Nos. 150 and 151 to the documents related to only the business unit and/or products at issue and thus mooting Varian's relevance objections. Moreover, because these requests seek a discrete set of documents that have presumably been compiled (and Varian has not suggested otherwise) – for example, in the Varian data room for the acquisition, there is minimal burden or cost to Varian to collect and produce these documents.

   Varian also objects on the basis that the acquisition-related documents would be cumulative of other documents that Varian has or may produce. Varian's cumulativeness objection should be rejected for at least three reasons. First, the selection and compilation of

Young Conaway Stargatt & Taylor, LLP
The Honorable Sherry R. Fallon
January 6, 2021
Page 3

documents and information Varian provided to Siemens Healthineer as part of the acquisition is itself relevant and probative of at least Varian's understanding and beliefs concerning the current and future market for the accused products, the sales and profitability (both past and future outlook), the competitive landscape, and the relative importance of the accused products to Varian. Second, Best is not in a position to know whether the documents that Varian provided to Siemens Healthineer have already been produced. Even if there may be some overlap of information in the documents produced in this litigation with the documents provided to Siemens Healthineer, the representations Varian made to Siemens Healthineer supporting the value of the business unit and/or products at issue is highly relevant and not something that is cumulative of other documents that have been produced. Third, Varian's cumulative objection should be weighed against the relative burden and costs to Varian. In this case, as discussed above, the requested documents are all documents that Varian has presumably collected and are in a separate repository (*e.g.* a Varian data room). The burden and costs to Varian would therefore be minimal.

**Varian's Communications With Siemens About the Asserted Patents and/or This Lawsuit Are Not Outside the Scope of the ESI Stipulation.** RFP Nos. 152 and 153 seek documents and communications between Varian and Siemens Healthineer regarding the Asserted Patents and this lawsuit. While Varian indicated it would produce documents responsive to RFP Nos. 152 and 153 consistent with the ESI Stipulation (Exhibit F), it became apparent during the meet and confer that Varian is using the ESI Stipulation as a shield to avoid discovery of highly relevant information. (*See* Exhibit E.) The ESI Stipulation limits the number of custodians to six. Exhibit F ¶ 3(a). The parties negotiated and identified the six Varian custodians on June 12, 2020. None of the six Varian custodians have been identified as having knowledge of or been involved in the acquisition. Indeed, the acquisition was not even made public until August 2020, months after the ESI Stipulation was negotiated (January 2020) and the custodians were identified (June 2020). Yet, Varian will still only commit to searching for documents responsive to RFP Nos. 152 and 153 from the original six custodians, most if not all of whom are not likely to have been directly involved in the acquisition and/or had communications with Siemens Healthineer regarding the Asserted Patents and/or this lawsuit. It would be manifestly unfair to Best to allow Varian to use the ESI Stipulation that was negotiated before the acquisition was announced as a shield to limit the scope of discovery. Moreover, Varian's proposal to allow Best to substitute one of the six custodians with another custodian is illusory when Varian has not identified who, if anyone, had such communications with Siemens Healthineer.

In addition, RFP Nos. 152 and 153, unlike other requests, are not seeking general communications regarding the Asserted Patents or this lawsuit, but is instead specifically limited to communications between Varian and Siemens Healthineer regarding the Asserted Patents and this lawsuit as part of the acquisition. This is a discrete set of communications during a discrete time period and all within the knowledge and possession of Varian. The ESI Stipulation expressly permits such requests. Exhibit F ¶ 3(a) ("The identification of a custodian shall not prevent a party from seeking production from a custodian not so identified."). Even if Varian argues that Paragraph 3(a) does not control its obligations under the ESI Stipulation, at a minimum, it authorizes Best to request the relief it now seeks from the Court.

Y<small>OUNG</small> C<small>ONAWAY</small> S<small>TARGATT</small> & T<small>AYLOR</small>, LLP
The Honorable Sherry R. Fallon
January 6, 2021
Page 4

      For the foregoing reasons, Best respectfully requests that the Court enter an Order, substantially similar to the proposed order attached hereto (Exhibit G), compelling Varian to produce documents responsive to RFP Nos. 150-153 within thirty (30) days, including, but not limited to, responsive electronically stored information from additional custodians beyond those it has already identified under the ESI Stipulation. With respect to RFP Nos. 150 and 151, such production may be limited to documents related to only the business unit and/or products at issue in this case.

      Respectfully,

      */s/ Anne Shea Gaza*

      Anne Shea Gaza (No. 4093)

Enclosures (Exhibits A-G)

cc:    All Counsel of Record (via Electronic Mail)

27560603.1