

David M. Fry
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0705 - Direct
dfry@shawkeller.com

January 7, 2021

**BY CM/ECF AND HAND DELIVERY**
The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *Best Med. Int'l, Inc. v. Varian Med. Sys., Inc., et al.*, C.A. No. 18-1599-MN

Dear Judge Fallon:

BMI's motion to compel should be denied for at least two reasons. First, BMI's Request Nos. 150 and 151 do not comply with Federal Rule of Civil Procedure 34. They are exceedingly overbroad, fail to describe the documents sought with particularity, and are disproportionate to the needs of the case, asking Varian to produce every document "related to" the acquisition in any way—no matter how irrelevant or cumulative. Second, Request Nos. 152 and 153 are duplicative of other requests served by BMI, and Varian has already committed to produce responsive documents (pursuant to the parties' ESI stipulation) to those other requests.

## I.    FACTUAL BACKGROUND

On August 2, 2020, Varian announced an agreement for Siemens Healthineers AG ("Siemens") to acquire all outstanding shares of Varian. *See* D.I. 176, Exhibit A. On September 4, 2020, BMI served its Fifth Set of Requests for Production, asking Varian to produce every document and communication "related to" the Siemens acquisition. D.I. 176, Exhibit B.

Varian objected to producing documents in response to Request Nos. 150 and 151, which are overbroad, fail to identify the documents sought with reasonable particularity, and would create an undue burden on Varian disproportionate to any conceivable relevance. D.I. 176, Exhibit C. Varian objected to Request Nos. 152 and 153 as duplicative, but incorporated its responses to requests served by BMI on June 19, 2019 (and thus agreed to produce responsive documents). *Id.*[1] To date, Varian has produced over 25,000 documents spanning hundreds of thousands of pages in response to the 153 requests for production served to date, and Varian is working diligently to complete its ESI production before the substantial completion deadline of January 14, 2021.

## II.    REQUEST NOS. 150 AND 151 DO NOT COMPLY WITH THE FEDERAL RULES.

Rule 34 provides that a document request "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Request Nos. 150 and 151 come nowhere close to meeting this requirement:

- Request No. 150 seeks "All Documents related to the Acquisition, including the Documents in the Varian Data Room."

---

[1] The relevant excerpts of Varian's July 2019 responses are attached as Exhibit A.

Case 1:18-cv-01599-MN   Document 177   Filed 01/07/21   Page 2 of 4 PageID #: 8433

**S**HAW **K**ELLER LLP

The Honorable Sherry R. Fallon
Page 2

- Request No. 151 seeks "All Documents and Communications, including any presentations and/or papers provided to any government entities related to the Acquisition."

These requests are exceedingly overbroad and fail to identify any category of documents with particularity. For example, they call for the production of a wide variety of irrelevant materials (like HR records, employment agreements, and tax filings exchanged with Siemens), which have no bearing on any issue in the litigation. And although BMI has offered to limit the scope of these requests to "documents related to only the business unit and/or products at issue [,]" BMI has accused nearly all of Varian's radiotherapy products of infringement. Thus, BMI's claimed limitation is illusory and no limitation at all.

BMI is also wrong that "there is minimal burden or cost to Varian to collect and produce these documents." D.I. 176 at 2. Even if the requests were limited to "the Varian data room for the acquisition," *id.*, Varian would be forced to review a large number of irrelevant and cumulative documents—all at a time when Varian's employees and counsel are still working remotely due to the COVID-19 pandemic. Moreover, Rule 34 places the burden on the *requesting* party to identify the documents sought with reasonable particularity. It does not allow a party to identify a particular source (in this case, the "Varian Data Room") and compel the producing party to hunt for potentially relevant documents in a sea of irrelevant materials.

Last, BMI makes the unsupported claim that "the selection and compilation of documents and information . . . is itself relevant" to a vague list of issues that BMI apparently contends relate to damages, but without explaining how. D.I. 176 at 2-3. BMI has waived its claim for lost profits and its claim for an injunction; its only claimed remedy is reasonable royalty. D.I. 148. While that remedy is limited to the six-year period prior to the filing of this action in 2018, the alleged "first infringement" by Varian that sets the time or times of the "hypothetical negotiation" took place years before that and many years before the Siemens/Varian agreement. Thus, the "current and future market," the current "competitive landscape" and the current "importance of the accused products to Varian," which BMI identifies as justifying the requests, would appear to have little, if any, relevance to the reasonable royalty hypothetical negotiation. To the extent that past "sales and profitability" are relevant to reasonable royalty calculations, Varian has already produced documents in response to prior requests for such information.

Despite failing to explain how Requests 150 and 151 are relevant and not cumulative, BMI apparently suggests that Varian should simply take the documents exchanged with Siemens or the SEC during the acquisition, copy them to a hard drive, and produce them wholesale (with no analysis of relevance, privilege, or cumulativeness). *Id.* at 3 ("the requested documents are all documents that Varian has presumably collected and are in a separate repository"). Again, nothing in Rule 34 permits a party to identify a particular data source and compel the producing party to simply hand it over on the off chance that something contained therein might be relevant. And that is especially true here, where any of these documents that possibly might be relevant most likely have already been produced.

Because these requests do not comply with the requirements of Rule 34, BMI's motion to compel Varian to produce responsive documents should be denied—particularly given that any relevant materials will be cumulative of Varian's already extensive production.

**SHAW KELLER LLP**

The Honorable Sherry R. Fallon
Page 3

### III. VARIAN IS ALREADY PRODUCING DOCUMENTS IN RESPONSE TO REQUEST NOS. 152 AND 153.

As Varian explained to BMI months ago, Request Nos. 152 and 153 are duplicative of requests served on June 19, 2019:

| **September 2020 Requests** | **June 2019 Requests** |
| --- | --- |
| **Request No. 152:** All Documents and Communications with Siemens involving the Asserted Patents. | **Request No. 64:** All Documents that relate to any discussion between Varian and any Third Party regarding Best, the Asserted Patents, Best's Products, and/or other Competing Products. <br><br> **Request No. 65:** All Documents that relate to any communication within Varian regarding Best, the Asserted Patents, Best's Products, and/or other Competing Products. |
| **Request No. 153:** All Documents and Communications with Siemens involving this lawsuit. | **Request No. 99:** All Documents reflecting any communications, other than with outside counsel for Varian, by or on behalf of Varian regarding the Present Litigation. |

Varian has already committed to produce documents in response to Request Nos. 64, 65, and 99, subject to the limitations set forth in the parties' ESI stipulation. *See* Exhibit A. And in fact, the parties did not finalize their list of agreed-upon search terms until November 25, 2020—nearly two months after Varian served its responses to Request Nos. 152 and 153. Thus, BMI had the opportunity to incorporate any search terms or propose custodians focused on acquisition-related documents when it negotiated the scope of ESI review and production. BMI's attempt to revisit and undermine that agreement should not be condoned.

BMI argues that "[i]t would be manifestly unfair to Best to allow Varian to use the ESI Stipulation . . . as a shield to limit the scope of discovery." *Id.* at 3. But appropriately defining the scope of discovery is precisely the purpose of the ESI stipulation that BMI agreed to after months of negotiations. Paragraph 1(a) recognizes that the parties agreed to "identify[] appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues." D.I. 176, Exhibit F (further noting that "[r]equests for production of ESI, including requests for emails, shall be reasonably targeted, clear, and as specific as possible"). In other words, the purpose of the ESI stipulation is *not* to capture every conceivable potentially relevant document; it is to ensure that relevant materials are produced without imposing a disproportionate burden on the producing party (for example, by producing cumulative materials from a large number of custodians).

\* \* \*

BMI has not established any justification for requiring Varian to collect, review, and produce irrelevant and cumulative documents created in connection with the Siemens acquisition. Thus, BMI's motion to compel should be denied.

SHAW KELLER LLP

The Honorable Sherry R. Fallon
Page 4

                                           Respectfully submitted,

                                           */s/ David M. Fry*

                                           David M. Fry (No. 5486)

cc:     Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)